UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Saroya,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR,<br><br>　　　　　　Defendant. | Court File No.: 24-CV-110 (DWF/DTS)<br><br>**ANSWER TO COMPLAINT AND JURY DEMAND** |

Defendant CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR ("CAIR" or "Defendant"), for its Answer to Plaintiff Lori Saroya's ("Plaintiff") Complaint, admits, denies and alleges as follows. Except as otherwise expressly admitted or qualified herein, CAIR denies each and every allegation contained in the Complaint.

### ANSWER TO COMPLAINT AND JURY DEMAND

1. As to Paragraph 1 of the Complaint, CAIR admits that Plaintiff is a former Executive Director of CAIR-Minnesota. CAIR denies the remainder of the allegations in Paragraph 1.

2. CAIR denies the allegations in Paragraph 2 of the Complaint.

3. As to Paragraph 3 of the Complaint, CAIR admits it filed a complaint against Plaintiff in May 2021 in the United States District Court, District of Minnesota. The allegations contained in such Complaint speak for themselves. CAIR denies the remaining allegations in Paragraph 3.

4. As to Paragraph 4 of the Complaint, CAIR admits a hearing was held on December 13, 2021. CAIR states the transcript for such hearing speaks for itself. CAIR denies all characterizations and allegations in Paragraph 4 inconsistent with the hearing transcript, and denies all remaining allegations in Paragraph 4.

5. As to Paragraph 5 of the Complaint, CAIR admits the Court, pursuant to the parties' Joint Stipulation, issued an order dismissing the complaint on January 11, 2022, but denies all remaining allegations.

6. CAIR denies the allegations in Paragraphs 6 and 7 of the Complaint.

7. As to Paragraph 8 of the Complaint, CAIR lacks knowledge sufficient to admit or deny the allegations, and therefore denies the same.

8. As to Paragraph 9 of the Complaint, CAIR admits CAIR-Foundation, Inc. is a 501(c)(3) tax-exempt corporation incorporated in the District of Columbia and that its headquarters and principal place of business are located at 453 New Jersey Ave. SE, Washington, DC. 20003.

## JURISDICTION AND VENUE

9. Paragraphs 10, 11, and 12 of the Complaint are statements of jurisdiction and venue, not allegations of fact to which a response is required. To the extent the allegations in these Paragraphs are construed to allege facts to which a response is required, CAIR denies the allegations.

## FACTUAL BACKGROUND

10. As to Paragraph 13 of the Complaint, CAIR admits it holds itself out to be a civil rights organization. CAIR denies the remaining allegations in Paragraph 13.

11. CAIR denies the allegations in Paragraphs 14, 15, 16, and 17 of the Complaint.

12. As to Paragraph 18 of the Complaint, CAIR states the referenced statements speak for themselves, denies the truth of the alleged statements, and denies the remaining allegations.

13. CAIR denies the allegations in Paragraphs 19 and 20 of the Complaint.

14. As to the allegations in sentence one of Paragraph 21 of the Complaint, CAIR admits Plaintiff has inappropriately and falsely spoken publicly about CAIR, but lacks knowledge sufficient to admit or deny the remaining allegations, and therefore denies the same. As to sentence two of Paragraph 21, CAIR admits Plaintiff received some positive feedback from CAIR during her employment, but denies the allegations as stated. As to sentence three of Paragraph 21, CAIR lacks knowledge sufficient to admit or deny the remaining allegations, and therefore denies the same. CAIR denies the allegations in sentence four of Paragraph 21.

15. As to Paragraph 22 of the Complaint, CAIR admits Plaintiff began working as Executive Director of CAIR-Minnesota in or around 2007, but denies Plaintiff's formal involvement with CAIR began in 2007.

16. As to Paragraph 23 of the Complaint, CAIR admits Plaintiff began working for CAIR in or around March 2016, but denies the remaining allegations.

17. As to Paragraph 24 of the Complaint, CAIR admits the allegations in sentences one and two, but denies the remaining allegations.

18. CAIR denies the allegations in Paragraphs 25, 26, 27, 28, 29, and 30 of the Complaint.

19. As to Paragraph 31 of the Complaint, CAIR admits Plaintiff informed Mr. Awad that Plaintiff intended to resign. CAIR denies the remaining allegations in Paragraph 31.

20. To the extent the headings on pages 11, 18, and 29 of the Complaint are construed to allege facts to which a response is required, CAIR denies all such allegations.

21. CAIR denies the allegations in Paragraphs 32, 33, 34, and 35 of the Complaint.

22. As to Paragraph 36 of the Complaint, CAIR admits Plaintiff resigned from CAIR on May 11, 2018, but denies the remaining allegations.

23. As to Paragraph 37 of the Complaint, CAIR admits Plaintiff filed a claim with the D.C. Office of Wage-Hour, states the claim was investigated and dismissed on the merits, and denies all remaining allegations.

24. CAIR lacks knowledge sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies the same. CAIR denies the veracity of any such allegations Ms. Saroya allegedly witnessed or heard.

25. CAIR denies the allegations in Paragraph 39 of the Complaint.

26. As to Paragraph 40 of the Complaint, CAIR states Plaintiff publicly made false statements regarding CAIR, but denies all allegations in Paragraph 40.

27. As to Paragraph 41 of the Complaint, CAIR states the referenced publications, websites, complaints, and accounts speak for themselves, and CAIR denies

the truth of all such allegations and characterizations made against CAIR contained in any such publications, websites, complaints, and accounts. CAIR further denies being party to the lawsuits referenced in Paragraph 41. CAIR denies all remaining allegations in Paragraph 41.

28.     As to Paragraph 42 of the Complaint, CAIR states Plaintiff made false allegations against CAIR, including as to the allegations contained in Paragraph 42. CAIR specifically denies the veracity of the allegations in Paragraph 42 and denies all other allegations in Paragraph 42.

29.     As to Paragraph 43, sentence one, CAIR specifically denies there was any injustice and wrongdoing, including financial misconduct, at CAIR. As to Plaintiff's beliefs alleged in sentence one, CAIR lacks knowledge sufficient to admit or deny the allegations, and therefore denies the same. CAIR admits it is a zakat-eligible organization. CAIR denies all remaining allegations in Paragraph 43.

30.     As to Paragraphs 44 and 45 of the Complaint, CAIR states the communications, if any, speak for themselves. To the extent an additional response is required, CAIR denies the allegations in Paragraphs 44 and 45.

31.     As to Paragraphs 46, 47, and 48 of the Complaint, CAIR denies the allegations. CAIR further states that any alleged communications referenced in these Paragraphs speak for themselves.

32.     As to Paragraph 49 of the Complaint, CAIR states the quoted portion of the exhibit referenced in Paragraph 49 speaks for itself, and denies all remaining allegations.

33. As to Paragraph 50 of the Complaint, CAIR states Plaintiff made false allegations against CAIR, including as to the allegations contained in Paragraph 50. CAIR specifically denies the veracity of the allegations in Paragraph 50 and denies all remaining allegations.

34. As to Paragraph 51 of the Complaint, CAIR admits it filed a Complaint on May 21, 2021, the allegations of which speak for themselves. CAIR denies the allegations in or related to the "NPR report about CAIR's Executive Director in Florida and evidence of complicity by the national office on April 15, 2021" and denies the remaining allegations.

35. As to Paragraph 52 of the Complaint, CAIR states the complaint speaks for itself and denies all remaining allegations.

36. CAIR denies the allegations in Paragraphs 53 and 54 of the Complaint.

37. CAIR denies the allegations in Paragraph 55, sentence one, of the Complaint. As to sentence two, CAIR admits Saroya retained counsel but denies the remaining allegations.

38. As to Paragraphs 56 and 57 of the Complaint, CAIR admits Plaintiff served discovery requests, the contents of which speak for themselves, but denies all remaining allegations.

39. CAIR denies the allegations in Paragraph 58 of the Complaint.

40. As to Paragraph 59 of the Complaint, CAIR states the referenced motions, briefing, and docket entries speak for themselves. CAIR admits hearings were held on the referenced dates, and denies all remaining allegations.

41.     As to Paragraph 60 of the Complaint, CAIR states the referenced motion, briefing, and docket entries speak for themselves, and denies all remaining allegations and characterizations of such documents.

42.     CAIR admits the allegations in Paragraph 61, sentence one, of the Complaint. CAIR denies the allegations in sentence two of Paragraph 61.

43.     As to Paragraphs 62, 63, and 64 of the Complaint, CAIR states the quoted portions of the hearing transcript speak for themselves, and denies all remaining allegations.

44.     CAIR denies the allegations in Paragraph 65 of the Complaint.

45.     As to Paragraph 66 of the Complaint, CAIR admits the Court dismissed the complaint on January 11, 2022, pursuant to the parties' Joint Stipulation.

46.     CAIR denies the allegations in Paragraph 67 of the Complaint.

47.     As to Paragraph 68 of the Complaint, CAIR admits the referenced communication was posted online, but denies all remaining allegations.

48.     CAIR denies the allegations in Paragraph 69 of the Complaint.

49.     CAIR states Paragraphs 70 and 71, including footnote 2, of the Complaint are partial excepts of statutes which speak for themselves and contain no allegations of fact to which a response is required. To the extent a response is required, CAIR denies the allegations.

50.     As to Paragraphs 72, 73, and 74 of the Complaint, CAIR denies the allegations in sentence one of Paragraph 72, states the cited communication language

speaks for itself, denies it engaged in any "instance" of defamation per se, and denies all remaining allegations.

51. CAIR denies the allegations in Paragraphs 75, 76, 77, 78, 79, 80, 81, 82, and 83 of the Complaint.

52. As to Paragraph 84, CAIR lacks knowledge sufficient to admit or deny the allegations in sentences one and three, and therefore denies the same. CAIR denies the allegations in sentence two.

53. CAIR denies the allegations in Paragraphs 85 and 86 of the Complaint.

54. As to Paragraph 87 of the Complaint, CAIR denies Plaintiff's characterization of the communication as a "Press Release." CAIR admits the January 20, 2022, community update communication is viewable at the link referenced, but CAIR lacks knowledge sufficient to admit or deny the allegations that "thousands of individuals across the country have viewed it" and "it continues to receive views from individuals across the country" and, therefore, denies the same.

55. As to Paragraphs 88, 89, 90, 91, 92, and 93 of the Complaint, CAIR denies it made any "false and defamatory" assertions or statements. As to all other allegations in these Paragraphs, CAIR lacks knowledge sufficient to admit or deny the allegations in and, therefore, denies the same. CAIR specifically denies any responsibility or liability for any such allegations.

56. CAIR denies the allegations in Paragraph 94 of the Complaint.

57. As to Paragraph 95 of the Complaint, the referenced publication speaks for itself. CAIR denies Plaintiff's characterization of the referenced publication. As to sentence

8

two of Paragraph 95, CAIR states the allegations contain legal conclusions, not allegations of fact to which a response is required. To the extent a response is required, CAIR denies the allegations.

58.  Paragraph 96 of the Complaint contains legal conclusions, not allegations of fact to which a response is required. To the extent a response is required, CAIR denies the allegations in Paragraph 96.

59.  CAIR denies the allegations in Paragraphs 97, 98, and 99 of the Complaint.

## COUNT I
## DEFAMATION

60.  Paragraph 100 of the Complaint re-alleges previously pled paragraphs and, therefore, no separate response is required. To the extent this Paragraph is construed to allege facts to which a separate response is required, CAIR incorporates its earlier denials, admissions, and qualifications stated herein.

61.  CAIR denies the allegations in Paragraphs 101, 102, 103, 104, 105, 106, 107, 108, and 109 of the Complaint.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.  Paragraph 110 of the Complaint re-alleges previously pled paragraphs and, therefore, no separate response is required. To the extent this Paragraph is construed to allege facts to which a separate response is required, CAIR incorporates its earlier denials, admissions, and qualifications stated herein.

63.  CAIR denies the allegations in Paragraphs 111, 112, 113, 114, 115, and 116.

64. CAIR separately denies any allegations of fact against CAIR contained in the exhibits attached to Plaintiff's Complaint.

## PRAYER FOR RELIEF

CAIR denies Plaintiff is entitled to any relief requested in Paragraphs 1 through 5 of her Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations or any other applicable limitations period.

3. Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, waiver, excuse, release, doctrine of election of remedies, consent, and/or laches.

4. Plaintiff's claims are barred by the doctrines of immunity, absolute privilege, or qualified privilege.

5. Plaintiff's claims are barred by the First Amendment of the US Constitution and/or Minnesota State Constitution, Article 1.

6. Plaintiff's claims are barred because CAIR's statements were not false, are true or substantially true, and are not defamatory.

7. Plaintiff's claims are barred because CAIR's statements were non-actionable statements of opinion, hyperbole, or similar non-actionable forms of communication.

8. Plaintiff's claims are barred because Plaintiff cannot prove actual malice.

9. Plaintiff's claims and/or damages are barred, in whole or in part, because any damages she suffered were the result of her own conduct and/or conduct she authorized or directed.

10. Plaintiff's claims are barred because CAIR's statements were made with proper purpose, upon proper occasion, and were supported by reasonable and justified belief as to the truth of such statements.

11. Plaintiff's claims are barred for failure to file a compulsory counterclaim.

12. Plaintiff's claims are barred because CAIR engaged in no extreme or outrageous conduct.

13. Plaintiff's claims are barred because CAIR engaged in no conduct or communications which were intentional or made with reckless disregard for the truth.

14. Plaintiff's claims are barred because Plaintiff cannot establish severe emotional distress caused by CAIR or any alleged action by CAIR.

15. Plaintiff's claims are barred because they contain no statements which are defamatory *per se*.

16. Plaintiff's claims are barred because all alleged statements were matters of public interest or concern.

17. Plaintiff failed mitigate any alleged damages.

18. Plaintiff's claims are barred by lack of personal jurisdiction.

19. As a separate alternative affirmative defense to Plaintiff's Complaint, CAIR alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by the Federal and Minnesota Rules of Civil

Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses, not specifically set out above, cannot be determined until CAIR has had an opportunity to complete discovery. Therefore, CAIR incorporates all said affirmative defenses as if fully set forth herein.

**WHEREFORE,** having fully defended, CAIR prays that Plaintiff Lori Saroya take nothing by her pretended causes of action and that CAIR be awarded its costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: March 14, 2024  **FELHABER LARSON**

By: _/s/ Sara G. McGrane_
Sara G. McGrane, #233213
Zachary A. Alter, #399991
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 339-6321
smcgrane@felhaber.com
zalter@felhaber.com

**ATTORNEYS FOR DEFENDANT**

4160360.v1