

Joseph D. Lipchitz
Phone: (617) 912-0916
Joseph.Lipchitz@saul.com
www.saul.com

December 6, 2024

**Via ECF**
Honorable David T. Schultz, United States Magistrate Judge
United States District Court
Courtroom 9E
300 South Fourth Street
Minneapolis, MN 55415

      RE:    Lori Saroya v. CAIR Foundation, Inc., Case No. 24-cv-00110-DWF-DTS

Dear Magistrate Judge Schultz:

     I respectfully write on behalf of Plaintiff Lori Saroya, in light of the Court's Discovery Order granting in substantial part Ms. Saroya's motion to compel, (Doc. 43), the Order for Settlement Conference (Doc. 44) scheduling a settlement conference on February 3, 2025 with a mandatory pre-conference discussion by January 21, 2025, and the Amended Pre-trial Scheduling Order (Doc. 45). In particular, I write to request a telephone conference with the Court. In Your Honor's Order scheduling a Settlement Conference, the Court advised the parties:

> If a party (1) believes strongly that the settlement conference will not be a good use of the parties' time and that the Court should consider cancelling or postponing it, or . . .<u>the lack of completion of certain discovery is likely to undermine the opportunity for resolution</u>, <u>it should contact chambers as soon as possible to set up a telephone conference</u> with counsel for all parties so that the Court can explore whether the settlement conference should go forward as scheduled . . . and whether the parties have the information they need for a productive settlement conference.

Order at p.1 (emphasis added). It is clear that a telephone conference is necessary to discuss what I regret to state is the Defendant's abject refusal to produce the documents or interrogatory answers requested seven (7) months ago, notwithstanding the Rules of

33 S. 6th Street, Suite 4750 ♦ Minneapolis, MN 55402 ♦ Phone: 612-225-2800 ♦ Fax: 612-677-3844

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

December 6, 2024
Page 2

Civil Procedure and, most recently, the Court's clear Order.  This utter disregard of the Plaintiff's discovery requests served on May 7, 2024 directly impacts the contemplated Settlement Conference and other procedural orders entered by the Court and, of course, the Plaintiff's efforts to advance this case.   Plaintiff requests the entry of three procedural orders: (1) an Order setting *a specific date* by which CAIR must produce responsive documents and supplemental interrogatory answers as required by the Discovery Order; (2) an extension of the April 3, 2025 discovery deadline given the complete non-compliance by CAIR of its discovery obligations; and (3) a postponement of the Settlement Conference until after the completion of discovery.

As an initial matter, Plaintiff acknowledges that the Court's Settlement Conference Order is a thoughtful and appropriate device.  However, in order for any settlement conference to be productive and for counsel to properly advise Ms. Saroya, it is critically important that: (1) CAIR *actually produce* documents, *actually provide* sworn interrogatory answers, and then appear submit to depositions; and (2) Ms. Saroya <u>know about</u>, and has the ability to review, the discovery produced in her own lawsuit.  It is those two core principles that have been frustrated since Ms. Saroya filed her claim close to a year ago on January 16, 2024.

Notably, to date, CAIR has <u>not produced a single document</u> in response to Ms. Saroya's document requests served seven (7) months ago. This would be troubling enough on its own, but it is compounded by the fact that month after month CAIR has failed to produce even discovery as to which it <u>claimed that there was no dispute</u>.  As the Court may recall, on June 25, 2024, CAIR represented in a letter that it would produce discovery responsive to Document Request Nos.  5, 6, 7, 8, 9, 18, 24, 25, 28, 29, 30, 31, and 39 and provide substantive answers to Interrogatory Nos. 2-7, 13.  That was nearly six (6) months ago, and we still have none of that discovery.

At the hearing before Your Honor on August 21, 2024, CAIR's counsel represented to the Court that as to the above discovery, they were "working on" producing it.  That was almost four months ago, and CAIR still has not produced <u>anything</u>.

After this Court issued its recent Discovery Order and Settlement Conference Order, the undersigned counsel sent a letter to CAIR's counsel on November 26 asking whether CAIR would commit to complying with the Court's Order by December 21, so that the discovery could be reviewed and analyzed in advance of the mandatory pre-conference on January 21, 2025.  CAIR has refused to commit to producing <u>any</u> discovery by December 21 or indeed, by <u>any other date</u>.  This not only frustrates the Court's Discovery Order and its Settlement Conference Order, it also frustrates the Court's Scheduling Order.  It cannot effectively block the Plaintiff from litigating her

claims.  By way of <u>limited</u> example, under the Court's Scheduling Order, motions seeking to join other parties must be filed and served by December 13, 2024.  However, as with everything the Plaintiff has requested, CAIR continues to withhold discovery that goes to the heart of identifying individuals who were involved in the drafting and issuing of the Press Release at the heart of the case - - <u>despite representing nearly six months ago that it would produce documents and answer interrogatories relating to who drafted and disseminated the Press Release</u>.[1]

Further compounding what by this point must be characterized as simple stonewalling, CAIR, after receiving the Court's Discovery Order granting Ms. Saroya's motion to compel, has sought to condition its compliance with the Court's Order based on Ms. Saroya's offers to compromise that were made <u>before</u> the August hearing and made in order to avoid the very discovery disputes on which this Court had to rule.  In other words, having refused to accept Ms. Saroya's offers to compromise, having forced this Court to rule on the discovery requests that it objected to, and having received this Court's adverse rulings directing it to comply with those discovery requests as issued, CAIR now wants to take another proverbial bite at the apple in terms of limiting the scope of the Court's Order.  To make matters worse, CAIR is also attempting to condition compliance with the Court's Order on a protective order that allows it to designate material as Attorneys-Eyes Only, thereby preventing counsel from sharing discovery material with Ms. Saroya and properly advising her on her case and, by extension, how discovery relates to the advisability of any settlement.

Put simply, CAIR's disregard of its discovery obligations month after month since this case was filed eleven (11) months ago, even in the face of Orders from this Court, should not, we respectfully submit, be permitted to continue.  In order to give effect to those Orders, Ms. Saroya requests a teleconference to discuss the entry of three procedural orders: (1) an Order setting <u>*a specific date*</u> by which CAIR must produce responsive documents and supplemental interrogatory answers as required by the Discovery Order; (2) an extension of the April 3, 2025 discovery deadline (and related deadlines); and (3) a postponement of the Settlement Conference until after the completion of discovery.

Thank you for your consideration.

---

[1] By way of limited example, Document Request Nos. 5 and 6 seek communications about the preparation and dissemination of the Press Release.

                                          Respectfully,

                                          ***Joseph D. Lipchitz***

                                          Joseph D. Lipchitz

cc:     All counsel of record