

ATTORNEYS AT LAW

Zachary A. Alter
612.373.8467
Email: ZAlter@Felhaber.com

December 11, 2024

**VIA ECF**

The Honorable David T. Schultz
Magistrate Judge, District of Minnesota
Courtroom 9E
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

RE:   Lori Saroya v. CAIR Foundation, Inc.
      Court File No. 24-CV-110 (DWF/DTS)
      Our File No. 34122.001

Magistrate Judge Schultz:

I am writing on behalf of Defendant CAIR Foundation, Inc. ("CAIR").

The Court's November 25, 2024, Order for Settlement Conference states a party should contact chambers to set up a telephone conference to discuss any potential changes to the scheduled settlement conference. (ECF 44 p. 1.) On December 5, after Plaintiff's counsel indicated he intended to contact chambers to request such a conference, I informed Plaintiff's counsel that CAIR is okay with scheduling a call with the Court to discuss this issue. On December 6, rather than contacting chambers to set up such a call, Plaintiff filed a four-page letter which goes far beyond requesting a telephone conference. (ECF 46). CAIR therefore submits this letter to briefly explain and rebut some of the improper and incomplete allegations in Plaintiff's letter.

First, Plaintiff alleges CAIR has "abjectly refused" to produce documents and "utterly disregarded" discovery obligations. The discovery delays and alleged deficiencies in this case are mutual. CAIR has produced 55 pages in this case. Plaintiff has produced 66 pages. CAIR understands the need to complete additional discovery prior to a productive settlement conference, but Plaintiff's allegation that the discovery issues in this case are solely on CAIR's part is inaccurate.

Second, Plaintiff alleges CAIR is seeking to condition compliance with the Court's order on Plaintiff's motion to compel (ECF 43) on Saroya's agreement to a protective order. The parties have not yet agreed to or filed a protective order in this case. Plaintiff previously agreed to Attorneys' Eyes-Only

220 South 6th Street
Suite 2200
Minneapolis, MN  55402-4504

Phone:  612.339.6321
Fax:  612.338.0535

felhaber.com

The Honorable David T. Schultz
December 11, 2024
Page 2

designations for some documents. See ECF 48-1, ECF 35-8. Plaintiff has also conditioned her own responses to CAIR's discovery requests on entry of a protective order (despite the court's directive in its Pretrial Scheduling Order). After the Court's Order was issued, Plaintiff changed her position and refused to agree to an AEO designation. CAIR agrees a protective order is necessary in this case, and the parties' apparent disagreement on this issue will be addressed in future motion practice. Saroya's allegations in her letter with respect to the protective order are inaccurate.

      I look forward to discussing the timing of a settlement conference in this matter at a date and time to be set by the Court.

                                      Sincerely,

                                      /s/ Zachary Alter

                                      Zachary Alter