UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Saroya,<br><br>      Plaintiff,<br><br>v.<br><br>CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR,<br><br>      Defendant. | Case No.: 24-cv-110 (DWF/DTS)<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DEFENDANTS** |

      Defendant CAIR Foundation Inc. ("CAIR"), through certain officers, directors and employees, purposefully created, published and widely disseminated a defamatory press release about Plaintiff Lori Saroya ("Saroya") in January 2022 (the "Press Release") for the purpose of destroying her reputation and her credibility with respect to the public statements she and others had made about CAIR's record of sexual harassment and discrimination, retaliation against claimants, and other misconduct. The Press Release claimed that Saroya had committed the crimes of cyberstalking and harassment, while also claiming that CAIR had proven that Saroya had made false and defamatory statements about it in a prior lawsuit between the parties titled *CAIR Foundation Inc. v. Lori Saroya*, Civil Action No. 0:21-cv-01267 (D. Minn.) (the "2021 Litigation"). This case is centered around whether CAIR's assertions are false and defamatory. Yet, CAIR has engaged in a complete stonewalling of discovery that has been pending for close to eight (8) months and that goes to the heart of the truth or falsity of CAIR's assertions. To date, CAIR has not

produced a single document beyond its initial disclosures, withholding, among others, documents concerning the drafting of the Press Release that CAIR agreed in writing to produce nearly six (6) months ago.

Now, despite Saroya obtaining an Order from this Court granting her Motion to Compel and ordering CAIR to produce these documents (*see* Dkt. No. 43), CAIR has refused to commit to a date to make its document production and comply with the Court's Order and has provided nothing – either in response to the Court's Order or to Saroya's discovery requests. As such, Saroya must now move to amend her Complaint to add defendants without access to **_any_** documents, let alone the critical documents illustrating who participated in drafting the Press Release, in order to comply with the Court's Amended Scheduling Order, which set the date to move for joinder as December 13, 2024 (*see* Dkt. No. 45). Thus, because this motion is timely and does not prejudice CAIR in any way given that discovery has barely begun (thanks in large part to CAIR's stonewalling and intentional delay), the Court should grant the motion in the interest of justice and allow Saroya leave to amend her Complaint to add six individual defendants.

## FACTUAL BACKGROUND

### I. CAIR COMMENCES A DEFAMATION ACTION AGAINST SAROYA.

On May 21, 2021, CAIR commenced a defamation action against Saroya (the "2021 Litigation"). (*See* Compl. & Jury Demand dated Jan. 16, 2024 (Dkt. No. 1) ("Compl.") ¶¶ 51-66.) All of CAIR's claims stemmed from certain online posts by Saroya that CAIR maintained were not true. Among the statements that CAIR claimed were actionable were the following:

- statements relating to gender and religious discrimination, sexual harassment, hostile work environment and retaliation within CAIR;

- statements relating to CAIR having engaged in union busting;

- statements relating to CAIR's corporate and financial mismanagement;

- statements relating to CAIR having received foreign funding; and

- statements relating to CAIR using its attorneys to "suppress, silence, and intimidate" its employees and having a pattern of mistreating them.

(*See, e.g.*, 2021 Litigation Docket, Dkt. 1, ¶¶ 70–94.) When CAIR refused to produce documents relating to the truth or falsity of such statements in the initial lawsuit, Saroya was forced to repeatedly move to compel in the 2021 Litigation. (*See, e.g.*, 2021 Litigation Docket, Dkt. Nos. 37, 55.)

Saroya also filed a motion for partial judgment on the pleadings in the 2021 Litigation, arguing that the claims should be dismissed because, among other things, they were statements of non-actionable opinion. (*See* Compl. ¶ 60.) During the hearing on the motion, Judge Nelson noted that "what is actionable and not actionable is not clear at all from the face of the complaint." (*See id.* Ex. 1. at 23:22–23.) As a result of this and other deficiencies with CAIR's Complaint, Judge Nelson denied the motion for partial judgment on the pleadings without prejudice, but ordered CAIR to file an amended complaint within two weeks. (*Id.* Ex. 1 at 30:3–8.) In so ruling, the Court noted in part:

> I am going to rule from the bench that the motion is denied without prejudice and that the plaintiff is permitted to amend – I know it's the holiday but we do have to move this ahead. So I am going to ask you to do that promptly. I'll give you two weeks to do that.

3

> And I want there to be a lot of – I want to see a lot of discipline in that because the – a lot of these complaints, although they may be valid, they may be defamatory, they are not actionable. I mean, we really have to get down to what's actionable and what's clear.
>
> This is especially true of the statute of limitations. There will be an opportunity to provide the jury with context, but there can't be any confusion that statements made outside of the statute are somehow actionable. So I want to see a lot of discipline to this amendment; and once that's done, I invite the defense to make a decision about what you choose to do next. I think that's the best way to move ahead here.

(*Id.* Ex. 1 at 30:3–21.)

With two discovery motions pending that may have forced CAIR to disclose information that could prove the truth of Saroya's statements, and an order from the Court that CAIR narrow its allegations, CAIR voluntarily dismissed its action against Saroya in its entirety with prejudice. (*See* 2021 Litigation Docket, Dkt. No. 86.) The Court dismissed the CAIR action with prejudice on January 11, 2022. (*Id.*, Dkt. No. 88.)

## II.     CAIR ISSUES THE DEFAMATORY PRESS RELEASE.

Despite having dismissed its lawsuit, CAIR did not cease its efforts to discredit Saroya. (*See* Compl. ¶ 67.) Promptly after the dismissal of the CAIR action, on January 20, 2022, CAIR published a false and defamatory Press Release on its website titled *Community Update on Cyberstalking by Lori Saroya, Ex-Staffer*. (*Id.* ¶ 68, Ex. 4.) In the Press Release, CAIR falsely accused Saroya of "cyberstalking," which is a crime under federal and Minnesota law. (*Id.* ¶¶ 69-77 (citing 18 U.S.C. § 2261A; Minn. Stat. § 609.749).) For example, the Press Release contained allegations that Saroya "spent the past several years using anonymous email accounts and social medial profiles to cyberstalk,

4

smear and undermine our national office, local chapters, volunteers and community partners with help from anti-Muslim extremists." (*Id.* ¶ 73, Ex. 4.) CAIR further alleged, "After enduring this obsessive and destructive cyberstalking for years, we decided to file a defamation lawsuit against Lori in 2021 to expose the truth and protect our team in a court of law, where the truth matters." (*Id.* ¶ 74, Ex. 4.)

> Similarly, CAIR accused Saroya of harassment. For example, CAIR alleged:
>
> First, the litigation had already allowed us to prove her conduct: working with Islamophobes, sending hundreds of anonymous emails in the middle of the night attacking our civil rights organization, harassing us and our supporters on social media, among many other things.

(*Id.* Ex. 4.) In so alleging, CAIR not only accused Saroya of yet another crime (i.e., harassment), but it also alleged that it had been able to prove Saroya's conduct in the litigation (i.e., that she had engaged in defamation and, thus, that her statements were purportedly false). These allegations are simply false, and indeed, are not only defamatory, but defamatory per se. (*See id.* ¶¶ 78-80, 82, 96, 106.)

### III.   SAROYA'S CURRENT CLAIMS AGAINST CAIR.

CAIR's motive in issuing the Press Release is apparent—it sought to blacken Saroya's reputation, destroy her credibility in the community and silence her and others who have raised concerns about CAIR's misconduct. (*See id.* ¶¶ 1, 77.) And while CAIR cannot succeed in its efforts to keep Saroya from telling the truth about her experiences at CAIR, it has succeeded in causing significant emotional distress and injury to Saroya and her reputation. (*See id.* ¶ 7.) For example, Saroya has been forced to endure online and in-person bullying and harassment, alienation from members of her religious community, and

5

loss of employment opportunities. (*Id.*) As a result, Saroya was forced to file her initial Complaint against CAIR on January 16, 2024.

## IV. SAROYA'S PROPOSED ADDITIONAL INDIVIDUAL DEFENDANTS.

On May 7, 2024, Saroya served her First Request for Documents and First Set of Interrogatories on CAIR. To date, no documents have been produced in response to Saroya's First Request for Documents. However, on June 6, 2024, CAIR provided extremely limited Answers to Saroya's First Set of Interrogatories. (*See* Decl. of Steven C. Kerbaugh dated Dec. 12, 2024 ("Kerbaugh Decl.") Ex. A.) In Saroya's Interrogatory No. 3, she asked CAIR to "[p]lease identify by name, address and phone number each person who participated in or were involved in the drafting, review, revision, or publication of the Press Release." (*Id.* Ex. A at Int. No. 3.) CAIR responded as follows:

> ANSWER: CAIR objects to this Interrogatory as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR specifically objects to this Interrogatory to the extent it seeks information as to individuals (irrespective of affiliation with CAIR) who reviewed or re-published the at-issue Press Release after it was posted by CAIR on January 20, 2022.
>
> Subject to and without waiving the foregoing objections, CAIR identifies the following individuals who, along with counsel, were involved in drafting and/or revising the January 20, 2022, press release:
> 1. Nihad Awad
> 2. Thania Clevenger
> 3. Ibrahim Hooper
> 4. Edward Mitchell
> 5. Roula Allouch

(*Id.*) These individuals are CAIR's current Executive Director, current Chief Operating Officer, current Director of Communications, current Deputy Director, and former Board

Chair respectively. Accordingly, Saroya now moves for leave to add claims against these five individual defendants, whom CAIR has identified as participating in the defamatory Press Release at issue in this litigation and whom, on information and belief, as well as based on Saroya's knowledge of how CAIR operates, played a direct role in conceiving, drafting, revising, approving and publishing the Press Release. Further, Saroya also seeks to add Ismail Allison as an additional individual defendant, given that he is listed as the poster of the defamatory Press Release on CAIR's webpage. (*See* Compl. Ex. 4.) As such, it is undisputed that all of the proposed individual defendants are current or former employees and leaders of CAIR who participated in the drafting, revising or publication of the defamatory Press Release.[1] Saroya's proposed Amended Complaint is attached to her Motion to Amend as **Exhibit 1**. All this Amended Complaint does is add these new individual defendants and articulate the claims against them;[2] otherwise, it is unchanged from the original Complaint.

## ARGUMENT

This Court should grant Saroya's motion for leave to add additional defendants because the motion is timely under the Amended Scheduling Order, brings legally viable claims, and will not cause unfair prejudice to CAIR or the additional defendants.

---

[1] That is not to say these are the only individuals who participated in the creation or publication of the defamatory Press Release. Given that CAIR has failed to produce a single document concerning the drafting or dissemination of the Press Release, Saroya's knowledge of these actors is currently limited to the individuals whom CAIR has identified either in Interrogatory Answers or the Press Release itself.

[2] It also includes a claim for punitive damages.

A pleading may be amended by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The general rule of liberally granting motions for leave to amend encourages the presentation of the merits of the controversy. *See Dolphin Kickboxing Co. v. Franchoice, Inc.*, 335 F.R.D. 393, 396 (D. Minn. 2020).

"[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)). "Given the liberal policy favoring amendment of pleadings so as to decide cases on their merits, the burden of demonstrating [grounds for denying the motion for leave to amend] falls upon the party opposing amendment." *ecoNugenics, Inc. v. Bioenergy Life Science, Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019); *see also Beeck v. Aquaslide "N" Divee Corp.,* 562 F.2d 537, 540 (8th Cir. 1977) ("The burden is on the party opposing the amendment to show such prejudice. In ruling on a motion for leave to amend, the trial court must inquire into the issue of prejudice to the opposing party.").

Here, Saroya seeks to amend her Complaint simply to add additional defendants who were, upon information and belief, involved with drafting or publishing the defamatory Press Release and to add claims against these individuals for defamation, intentional infliction of emotional distress, aiding and abetting, and civil conspiracy (*see* Am. Compl. at Counts I-IV). Saroya's motion is timely, brings legally viable claims, will not cause Defendants unfair prejudice and, accordingly, should be granted.

**I.   SAROYA'S MOTION IS BROUGHT WITHIN THE COURT'S TIMELINE FOR AMENDING THE PLEADINGS AND WILL NOT CAUSE UNDUE DELAY.**

First, Saroya's motion for leave to be amend should be granted because it has been timely brought prior to the deadline for joinder outlined in the Court's Amended Scheduling Order and therefore is not unduly delayed. A motion to amend brought within the time period of the court's scheduling order is presumed to not prejudice the nonmoving party and is generally granted. *See, e.g., Thomas v. Corwin*, 483 F.3d 516, 532 (8th Cir. 2007) (affirming grant of a motion to amend brought the final permissible day); *RJM Sales & Mktg., Inc. v. Banfi Prod. Corp.*, 546 F. Supp. 1368, 1379 (D. Minn. 1982) (affirming magistrate judge's grant of motion for leave within motion deadlines despite the moving party knowing of the information sooner because "[m]ere delay is not a reason in and of itself to deny leave to amend" without "some prejudice which would result to others if leave were to be granted"); *Thapa v. St. Cloud Orthopedic Assocs., Ltd.*, 2020 WL 3790701, at *3 (D. Minn. July 7, 2020) (granting motion to amend – "The Court cannot conclude that Plaintiff acted with undue delay by bringing a motion that was timely under the Court's own orders."). Accordingly, there is no undue delay here, and Saroya's motion should be granted.

**II.  SAROYA SEEKS TO BRING LEGALLY VIABLE CLAIMS AGAINST ADDITIONAL DEFENDANTS WHO DIRECTLY ORDERED, DIRECTED, DRAFTED, APPROVED AND PUBLISHED OR ORDERED THE PUBLISHING OF THE DEFAMATORY PRESS RELEASE.**

Second, the proposed amendment states legally viable claims against the new defendants and is therefore not futile. A motion for leave to amend a pleading "is futile if

the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim*, 897 F.3d at 955. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Saroya's Amended Complaint sufficiently alleges the factual predicate required for each individual defendant to be liable for defamation and intentional infliction of emotional distress. (*See* Am. Compl. ¶¶ 74-80, 83-110.) Plaintiff seeks to amend the pleadings to include the specific current and former leaders and employees of CAIR who undisputedly participated in the drafting or publication of the defamatory Press Release at issue – based upon CAIR's own admissions, the Press Release itself, and Saroya's own knowledge of the operations of CAIR – causing intentional infliction of emotional distress.

In order to sufficiently present a claim of defamation under Minnesota law, a plaintiff must demonstrate "that the defendant made: (a) a false and defamatory statement about the plaintiff; (b) in [an] unprivileged publication to a third party; (c) that harmed the plaintiff's reputation in the community." *Johnson v. Freborg*, 995 N.W.2d 374, 384 (Minn. 2023) (quoting *Maethner v. Someplace Safe, Inc.*, 929 N.W.2d 868, 873 (Minn. 2019)). Saroya sufficiently alleges this claim against each new defendant. (*See* Am. Compl. ¶¶ 111-121 (Count I).)

In order to sufficiently present a claim of intentional infliction of emotional distress under Minnesota law, a plaintiff must demonstrate that a defendant's "conduct (1) was extreme and outrageous; (2) was intentional or reckless; (3) caused emotional distress; and that the emotional distress caused . . . (4) was severe." *Wenigar v. Johnson*, 712 N.W.2d 190, 207 (Minn. Ct. App. 2006). Saroya sufficiently alleges this claim against each new defendant. (*See* Am. Compl. ¶¶ 122-128 (Count II).)

The remaining claims against the individual defendants (aiding and abetting, and civil conspiracy) stem from the individual defendants working together to commit the underlying torts of defamation and intentional inflection of emotional distress, and are likewise appropriately pled. (*See id.* ¶¶ 129-143 (Counts III - IV).) Because each claim is legally viable, the motion to amend is not futile.

### III. CAIR AND THE ADDITIONAL DEFENDANTS WILL NOT SUFFER PREJUDICE AS A RESULT OF THIS AMENDMENT.

Finally, CAIR and the additional individual defendants will not suffer any prejudice as a result of this amendment. As CAIR knows, the case is still in the early stages of discovery, thanks in large part to CAIR's own stonewalling and refusal to produce any documents or supplemental interrogatory answers, despite this Court's Order. Moreover, neither party has taken depositions. As such, CAIR and the new individual defendants (who are all current or former leaders and employees of CAIR) will have adequate time to probe Saroya's claims against them in discovery.

Further, the factual predicate and legal defenses for the claims against the new individual defendants are nearly identical to those that CAIR has defended against for the

11

entirety of the case thus far. As such, at this early stage, even if CAIR has begun preparation for defending against Saroya's claims, such preparation should only assist in its defense of the claims against the additional defendants, who are all current or former CAIR leaders and employees. Under the circumstances, CAIR cannot demonstrate anything close to unfair prejudice. If anything, CAIR's pattern of delay and discovery misconduct has prejudiced Saroya. Accordingly, the Court should grant Saroya's motion for leave to amend.

## **CONCLUSION**

Based on the foregoing, Saroya respectfully requests that the Court grant her motion for leave to amend her Complaint to add six new individual defendants. The motion is timely under the Amended Scheduling Order, states legally viable claims against the new defendants, and will not cause unfair prejudice to CAIR or the new defendants. Thus, Saroya's motion should be granted.

Dated: December 12, 2024		**SAUL EWING LLP**

By   *s/ Steven C. Kerbaugh*
    Steven C. Kerbaugh (MN #0390429)
    33 South Sixth Street, Suite 4750
    Minneapolis, MN 55402
    Telephone: (612) 225-2946
    Facsimile: (612) 677-3844
    Email:  skerbaugh@saul.com

    Jefferey S. Robbins
    (admitted pro hac vice)
    Joseph D. Lipchitz
    (admitted pro hac vice)
    Kelsey M. Westrich
    (admitted pro hac vice)
    131 Dartmouth Street, Suite 501
    Boston, MA 02116

    *Attorneys for Plaintiff Lori Saroya*