UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Saroya,<br><br>      Plaintiff,<br><br>v.<br><br>CAIR Foundation, Inc. d/b/a<br>Council on American-Islamic Relations &<br>CAIR,<br><br>      Defendant. | Court File No. 24-CV-110 (DWF/DTS)<br><br>**DEFENDANT CAIR FOUNDATION, INC. D/B/A COUNCIL ON AMERICAN-ISLAMIC RELATIONS AND CAIR'S ANSWERS TO LORI SAROYA'S FIRST SET OF INTERROGATORIES** |

**TO: PLAINTIFF, LORI SAROYA, AND HER COUNSEL OF RECORD, STEVEN C. KERBAUGH, SAUL EWING, LLP, 33 S. 6TH STREET, SUITE 4750, MINNEAPOLIS, MN 55402 AND JEFFREY S. ROBBINS, JOSEPH D. LIPCHITZ, AND KELSEY M. WESTRICH, 131 DARTMOUTH STREET, SUITE 501, BOSTON, MA 02116.**

Defendant CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR, ("CAIR") hereby submits its answers to Plaintiff Lori Saroya's ("Plaintiff") First Set of Interrogatories:

### GENERAL OBJECTIONS

1. CAIR hereby submits its objections and responses to Plaintiff's Interrogatories ("the Interrogatories"). All responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    (a)    All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

    (b)    The right to object to the use of any of said answers or responses, or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

(c) The right to object on any ground at any time to a demand for further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of the document requests herein answered; and

(d) The right at any time to revise, correct, add to, or clarify any of the answers or responses propounded herein.

2. CAIR objects to the Interrogatories, including Plaintiff's Definitions and Instructions, to the extent they seek to impose burdens or obligations on CAIR beyond those imposed by the Federal Rules of Civil Procedure, or any applicable local rules, case law, or court orders.

3. CAIR objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege or the work-product doctrine, other applicable privilege, or information that is protected by the Federal Rules of Civil Procedure, federal law, or Minnesota law. Accordingly, unless otherwise indicated, all responses will exclude from their scope all information and tangible items generated or prepared in anticipation of litigation by or for CAIR and its representatives.

5. CAIR objects to the Interrogatories to the extent they seek information not relevant to the parties' respective claims or defenses, and are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery likely outweighs its likely benefit.

6. CAIR objects to the vague phrasing and broad scope of the Interrogatories to the extent that their meaning is unclear and impossible to answer precisely. Without waiving this objection, CAIR further reserves the right to amend its responses as discovery continues.

**EXHIBIT A**

7. CAIR also objects to the Interrogatories to the extent that they seek confidential or proprietary information, information protected by a protective order, and to the extent that an appropriate protective order has not yet been entered by the Court. All documents to be produced will be produced at a mutually convenient time and place subject to the entry of an appropriate protective order.

8. CAIR's Answers are based on its investigation of the facts pertaining to this action to date. CAIR reserves the right to supplement these Answers if additional information is discovered or becomes known.

9. CAIR objects to the Interrogatories to the extent they impose burdens or obligations on CAIR beyond those required by the Federal Rules of Civil Procedure.

10. CAIR responds to these Interrogatories solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein if the Interrogatory were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

11. CAIR objects to Plaintiff's Instruction No. 3 that purports to define CAIR's obligation to identify any knowledge or information in the possession of CAIR's "employees," without limitation, without specification or identification, and without regard to current or former employees. CAIR objects to the extent this Instruction imposes obligations on CAIR beyond those contemplated by the Federal Rules of Civil Procedure, including the obligation to provide information not within CAIR's possession, custody, and/or control.

**EXHIBIT A**

12. CAIR objects to Plaintiff's definition of "CAIR," which is defined to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff attempts to seek information and documents in discovery from third parties that are separate and distinct legal entities from CAIR and that are not parties to this litigation and require CAIR to produce documents not within its possession, custody, and/or control and otherwise beyond the requirements of the Federal Rules of Civil Procedure.

Without in any way waiving or limiting the foregoing general objections, and incorporating the same into each and every answer below as if fully stated therein, CAIR provides the following answers:

### SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES
### INTERROGATORIES TO EACH DEFENDANT

**INTERROGATORY NO. 1:** Please state the name, address and position of each person who provided information in connection with the preparation of responses to each interrogatory set forth herein.

**ANSWER: CAIR identifies the following individual as having provided information, consultation, and/or participation for CAIR's answers to Plaintiff's Interrogatories, with assistance from counsel: Lena Masri, General Counsel. Ms. Masri is available through the undersigned counsel for CAIR.**

**INTERROGATORY NO. 2:** Please identify by name, address and phone number every public relations firm, media consultant or lobbyist engaged by CAIR since 2020.

**ANSWER: CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to**

"every public relations firm, media consultant, or lobbyist engaged" by entities that are not parties to this litigation. CAIR's overbreadth objection also relates to the temporal scope of this Interrogatory, which is not tailored to the claims and/or defenses in this action. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action, including identification of entities (if any) engaged for purposes unrelated to any claim or defense, and identification of "lobbyists"—as any such lobbyist engagement is unrelated to any claim or defense. CAIR further objects to this Interrogatory to the extent it seeks information outside of CAIR's possession, custody, and/or control. CAIR further objects to this Interrogatory as vague and ambiguous as to the meaning and scope of the "lobbyist."

Subject to and without waiving the foregoing objections, CAIR is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 3:** Please identify by name, address and phone number each person who participated in or were involved in the drafting, review, revision, or publication of the Press Release.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR specifically objects to this Interrogatory to the extent it seeks information as to individuals (irrespective of affiliation with CAIR) who reviewed or re-published the at-issue Press Release after it was posted by CAIR on January 20, 2022.

Subject to and without waiving the foregoing objections, CAIR identifies the following individuals who, along with counsel, were involved in drafting and/or revising the January 20, 2022, press release:

1. **Nihad Awad**
2. **Thania Clevenger**
3. **Ibrahim Hooper**
4. **Edward Mitchell**
5. **Roula Allouch**

Such individuals are available through counsel for CAIR. *See* CAIR's Initial Disclosures.

**INTERROGATORY NO. 4:** Please identify every statement by CAIR to any of its chapters or affiliates, or issued to the media, or posted on social media, referring to or relating to Lori Saroya since January 1, 2018.

**ANSWER:** CAIR objects to this Interrogatory as temporally and substantively overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Additionally, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic

Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to statements made by third parties outside CAIR's possession, custody, or control. CAIR's overbreadth objection also relates to the temporal scope of this Interrogatory, which is not tailored to the claims and/or defenses in this action.  CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory as vague and ambiguous as to the meaning and scope of the terms "statement" and "chapters or affiliates." CAIR further objects to this Interrogatory to the extent it seeks publicly available information (i.e., social media posts) that are equally available to Plaintiff. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is instead an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit. *See* Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted)); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery").

Subject to and without waiving the foregoing objections, CAIR will produce all non-privileged communications in its possession, custody, or control referring to Plaintiff and related to any claim or defense at issue in this case.

**INTERROGATORY NO. 5:** Please identify the total views or viewers of the Press Release, including but not limited to the number of visitors to the webpage https://www.cair.com/press_releases/community-update-on-cyberstalking-by-lori-saroya-ex-staffer/, from January 20, 2022 to present.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "total views," "viewers of the Press Release," and "number of visitors to the webpage." CAIR further objects to this Interrogatory to the extent it seeks information outside of CAIR's possession, custody, and/or control.

Subject to and without waiving the foregoing objections, CAIR agrees to look into whether responsive information is available and within its possession, custody, or control and, if so, will identify such information.

**INTERROGATORY NO. 6:** Please identify every individual or email address to which CAIR sent the Press Release, including but not limited to any news organizations and any listservs, from January 20, 2022 to present.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR further objects to this Interrogatory as

6

vague and ambiguous as to the terms "any news organizations" and "listservs." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action.

Subject to and without waiving the foregoing objections, CAIR posted the at-issue Press Release on a sub-page of its website on or around January 20, 2022. CAIR will identify individuals or email addresses to whom CAIR sent a copy of the press release after it was published. Discovery continues.

**INTERROGATORY NO. 7:** Please identify every act and communication by Plaintiff that You contend constitutes "cyberstalking," including in Your response the identification of any witness and/or document that You contend supports Your allegation.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR further objects to this Interrogatory as vague and ambiguous as to the term "every act and communication." CAIR further objects to this Interrogatory to the extent it misstates and/or mischaracterizes the Press Release. CAIR further objects to this Interrogatory because it seeks information and/or documents which can be better obtained from Plaintiff, who is a more convenient, less burdensome, or less expensive source under Rule 26. CAIR further objects to this Interrogatory as compound, noting that it counts as a separate and distinct interrogatory with respect to the identification of witnesses and documents.

Subject and without waiving the foregoing objections, CAIR directs Plaintiff pursuant to Fed. R. Civ. P. 33(d) to documents to be produced, which will include responsive communications in CAIR's possession, custody, and control. CAIR further answers that identifying every responsive act, communication, witness, and document imposes an improper and undue burden on CAIR because Plaintiff engaged in many acts and communications (a) on platforms to which CAIR no longer has (or never had) access, (b) during communications to which CAIR was not a direct participant, and/or (c) in other methods which make it impossible for CAIR to be aware of every responsive witness and document to Plaintiff's communications or acts. Discovery continues and CAIR reserves the right to supplement this Answer.

**INTERROGATORY NO. 8:** Please identify every fact, circumstance, witness and document that You contend supports Your allegation in the Press Release that the 2021 Litigation "had already allowed [CAIR] to prove her [Ms. Saroya's] conduct . . . ."

**ANSWER**: CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR further objects to this Interrogatory as compound, noting that it counts as a separate and distinct interrogatory with respect to the identification of witnesses and documents. CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product

doctrine. CAIR further objects to this Interrogatory to the extent it misstates and/or mischaracterizes the Press Release.

Subject to and without waiving the foregoing objections, CAIR directs Plaintiff to her answer and discovery responses filed or served in the 2021 lawsuit, in which she admits to engaging in such conduct, including harmful communications to or about CAIR. Discovery continues and CAIR reserves the right to supplement this Answer.

**INTERROGATORY NO. 9:** Please identify every fact, circumstance, witness and document that You contend supports Your allegation in the Press Release that "Lori was not able to defeat our lawsuit. A few weeks ago, the judge overseeing the case ruled in our favor and denied Lori's motion to dismiss our lawsuit."

**ANSWER:** CAIR objects to this Interrogatory as overly broad and not proportional to the needs of the case. CAIR further objects to this Interrogatory as compound, noting that it counts as a separate and distinct interrogatory with respect to the identification of witnesses and documents. CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it misstates and/or mischaracterizes the Press Release.

Subject to and without waiving the foregoing objections, CAIR states in the prior litigation captioned *CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations, & CAIR v. Asma Lori Haidri Saroya*, Court File No. 27-CV-1267 SRN-TNL (the "2021 Lawsuit"), Ms. Saroya (then a defendant) brought a Motion for Partial Judgment on the Pleadings (*see* 2021 Lawsuit, ECF No. 27). CAIR (then the plaintiff) opposed Ms. Saroya's Motion for Partial Judgment on the Pleadings (*see* 2021 Lawsuit, ECF No. 59). On December 13, 2021, the Court held a hearing on Ms. Saroya's Motion for Partial Judgment on the Pleadings and denied Ms. Saroya's Motion (*see* 2021 Lawsuit, ECF No. 82 ("The motion is DENIED, without prejudice.")). Answering further, CAIR directs Plaintiff to the publicly available documents filed as part of the 2021 Lawsuit. Discovery continues and CAIR reserves the right to supplement this Answer.

**INTERROGATORY NO. 10:** Please identify every officer or employee of CAIR or any chapter or affiliate of CAIR who to Your knowledge has asserted, orally or in writing, that he or she has been the subject of discrimination, harassment or retaliation by any employee or officer of CAIR or one of its chapters or affiliates since 2011, stating the name of the individual, the nature of the claim and the names of the individual(s) or entity(ies) claimed to be responsible.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to

complaints made by "every officer or employee of CAIR" of "discrimination, harassment or retaliation by any employee or officer of CAIR," which includes employees and officers of entities that are not parties to this litigation and complaints involving entities that are not parties to this litigation. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which is not tailored to the claims and/or defenses in this action.  CAIR further objects to this Interrogatory to the extent it seeks information from third parties and/or separate legal entities not parties to this action and thus seeks information outside of CAIR's possession, custody, and/or control. CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "subject of discrimination, harassment or retaliation," "nature of the claim" and "claimed to be responsible."  CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is nothing more than an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit. *See* Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted)); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery"); *Hodges v. Pfizer, Inc.*, 2016 WL 1222229, at *2 (D. Minn. Mar. 28, 2016) ("To ensure Rule 26(b) is not misapplied so as to allow fishing expeditions in discovery, a party must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotations and citations omitted)).  Based on these objections, no responsive information will be provided.

**INTERROGATORY NO. 11:**    With respect to every assertion of discrimination, harassment or retaliation identified in response to the preceding interrogatory, please describe any investigation conducted by CAIR.

**ANSWER:**    CAIR incorporates by reference its objections and response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**    Please identify every complaint, grievance or claim of any kind made against Lori Saroya by any officer or employee of CAIR, or any chapter or affiliate thereof, and state the name of the individual, the nature and date of the claim and the name of any individual investigating the complaint, grievance or claim.

**ANSWER:**    CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and

9

CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to "every complaint, grievance or claim of any kind made against Lori Saroya," including those that may have been made to entities that are not parties to this litigation and/or are outside CAIR's possession, custody, and/or control. CAIR's overbreadth and burden objections also relate to the lack of temporal scope of this Interrogatory, which is not tailored to the claims and/or defenses in this action. CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "complaint, grievance, or claim of any kind," "nature . . . of the claim," and "investigating the complaint, grievance or claim." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action.

Subject to and without waiving the foregoing objections, CAIR answers as follows:

**Zainab Chaudry.** Multiple complaints related to Ms. Saroya's continued interference in Ms. Chaudry's work for CAIR-Maryland and repeated harassment. Nihad Awad investigated Ms. Chaudry's complaints.

**Saud Shah.** In or around June 2017, complaints regarding Ms. Saroya's unprofessional and hostile behavior. Nihad Awad investigated Mr. Shah's complaints.

**Jinan Shbat.** Complaints about hostile and inappropriate behavior and treatment by Ms. Saroya.

**Sahra Nadiir.** In or around March 2018, complaints regarding Ms. Saroya's hostile behavior towards and harassment of CAIR office staff. Nihad Awad investigated Sahra Nadiir's complaints.

**Nezar Hamze.** In or around February 2017 and June 2017, complaints regarding Ms. Saroya's hostile behavior towards and harassment of CAIR-Florida staff. Nihad Awad investigated Nezar Hamze's complaints.

**Hassan Shibly.** Complaints about inappropriate harassing behavior by Ms. Saroya.

Discovery continues.

**INTERROGATORY NO. 13:** Please identify every document referring or relating to or reflecting or constituting in whole or in part an evaluation or comment on Lori Saroya's job performance either with CAIR's Minnesota chapter or with CAIR.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. CAIR's overbreadth and burden objections also relate to the lack of temporal scope of this Interrogatory, which is not tailored to the claims and/or defenses in this action. CAIR further objects to this Interrogatory to the extent it seeks information from third parties and/or separate legal entities not parties to this action

and thus seeks information outside of CAIR's possession, custody, and/or control. CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "every document," "an evaluation or comment," and "job performance." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action.

Subject to and without waiving the foregoing objections, CAIR will produce Plaintiff's performance evaluations.

**INTERROGATORY NO. 14:** Please identify every email account, social media account, YouTube account, and Internet address used by CAIR since 2011.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery requiring CAIR to identify "every email account, social media account, YouTube account, and Internet address" used by entities that are not parties to this litigation. CAIR further objects to this Interrogatory to the extent it seeks information from third parties and/or separate legal entities not parties to this action and thus seeks information outside of CAIR's possession, custody, and/or control. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action. CAIR further objects to this Interrogatory as vague and ambiguous as to the meaning of the terms "email account," "social media account," "YouTube account," and "Internet address." CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action.

Subject to and without waiving the foregoing objections, CAIR answers that it posted the at-issue Press Release on a sub-page of its website, www.cair.com.

**INTERROGATORY NO. 15:** Please describe any investigation conducted by CAIR or on CAIR's behalf by an external investigator into allegations of misconduct of any kind by any CAIR director, officer or employee thereof, since 2011.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and

**CAIR National Legal Defense Fund, Inc."  By so doing, Plaintiff seeks discovery relating to "any investigation" conducted by CAIR and other legal entities that are not parties to this litigation and/or outside of CAIR's possession, custody, and/or control. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action.  CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "any investigation," "conducted by CAIR or on CAIR's behalf," "external investigator," and "allegations of misconduct of any kind."  CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is nothing more than an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit.** *See* **Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case");** *E.E.O.C. v. CRST Van Expedited, Inc.***, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted));** *Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery");** *Hodges v. Pfizer, Inc.***, 2016 WL 1222229, at *2 (D. Minn. Mar. 28, 2016) ("To ensure Rule 26(b) is not misapplied so as to allow fishing expeditions in discovery, a party must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotations and citations omitted)).  Based on these objections, no responsive information will be provided.**

**INTERROGATORY NO. 16:**     Please identify every lawsuit, including but not limited to those alleging defamation, that CAIR has filed from 2011 to the present, and include in Your response the parties, the forum in which the action was commenced, the docket number and the year in which it was filed.

**ANSWER: CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc."  By so doing, Plaintiff seeks discovery relating to "every lawsuit" filed by CAIR and other entities that are not parties to this litigation and/or outside CAIR's possession, custody, or control. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action.  CAIR further objects to this Interrogatory to the extent it seeks publicly available information equally available to Plaintiff. CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects**

to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action.

Subject to and without waiving the foregoing objections, CAIR filed the 2021 Lawsuit against Plaintiff in the District of Minnesota.

**INTERROGATORY NO. 17:** Please identify every lawsuit or administrative claim of any kind filed by any individual, entity or agency against CAIR, and/or any director, officer or employee thereof, since 2011, and for each identify the parties, the forum in which it was commenced, the docket or file number and the year in which it was filed.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to "every lawsuit or administrative claim of any kind" that against CAIR, its directors, officers, and/or employees, and other legal entities that are not parties to this litigation and/or outside of CAIR's possession, custody, or control. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action. CAIR further objects to this Interrogatory to the extent it seeks publicly available information equally available to Plaintiff. CAIR further objects to this Interrogatory as vague and ambiguous as to the term "every lawsuit or administrative claim of any kind." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is nothing more than an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit. *See* Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted)); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery"); *Hodges v. Pfizer, Inc.*, 2016 WL 1222229, at *2 (D. Minn. Mar. 28, 2016) ("To ensure Rule 26(b) is not misapplied so as to allow fishing expeditions in discovery, a party must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotations and citations omitted)).

Based on these objections, no further answer will be provided.

4213298.v1

**EXHIBIT A**

**INTERROGATORY NO. 18:** Please identify every federal or state criminal indictment or information that has been issued against, or guilty plea that has been entered by, any individual who has been an employee, officer or director of CAIR since 2011, and for each such indictment, information or plea state the name of the defendant(s), the court in which it has been issued or entered, the docket number and year in which the matter was instituted.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to "every federal or state criminal indictment or information" relating to legal entities that are not parties to this litigation. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action. CAIR further objects to this Interrogatory to the extent it seeks information from third parties and/or separate legal entities not parties to this action and thus seeks information outside of CAIR's possession, custody, and/or control. CAIR further objects to this Interrogatory to the extent it seeks publicly available information equally available to Plaintiff. CAIR further objects to this Interrogatory as vague and ambiguous as to the phrase "federal or state criminal indictment or information." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is nothing more than an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit. *See* Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted)); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery"); *Hodges v. Pfizer, Inc.*, 2016 WL 1222229, at *2 (D. Minn. Mar. 28, 2016) ("To ensure Rule 26(b) is not misapplied so as to allow fishing expeditions in discovery, a party must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotations and citations omitted)).

Based on these objections, no further answer will be provided.

**INTERROGATORY NO. 19:** Please identify every settlement agreement, severance agreement or non-disclosure agreement entered into with any individual by CAIR since 2011, including in Your response the name of that individual, the nature of the agreement, its date and any financial consideration paid to that individual in connection with that agreement.

**ANSWER:** CAIR objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Specifically, CAIR objects to the definition of CAIR, which Plaintiff has drafted to include "any of its parent or subsidiary organizations, affiliates, chapters, agents, representatives, attorneys, or anyone else acting on its behalf, and expressly includes but is not limited to Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc." By so doing, Plaintiff seeks discovery relating to "every settlement agreement, severance agreement or non-disclosure agreement" involving legal entities that are not parties to this litigation. CAIR's overbreadth and burden objections also relate to the temporal scope of this Interrogatory, which goes well beyond what is relevant to the claims and/or defenses in this action. CAIR further objects to this Interrogatory to the extent it seeks information from third parties and/or separate legal entities not parties to this action and thus seeks information outside of CAIR's possession, custody, and/or control. CAIR further objects to this Interrogatory as vague and ambiguous as to the terms "settlement agreement," "severance agreement," "non-disclosure agreement," "Your response," the "nature of the agreement," and "any financial consideration paid." CAIR further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine. CAIR further objects to this Interrogatory to the extent it seeks information not relevant to the claims and/or defenses in this action and is nothing more than an impermissible fishing expedition seeking information unrelated to Plaintiff's claims in this lawsuit. *See* Fed. R Civ. P. 26(a)(b)(1) (providing parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) (noting "parties may not use discovery . . . as a fishing expedition to uncover more violations" (internal quotations and citations omitted)); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating Rule 26(b) "should not be misapplied so as to allow fishing expeditions in discovery"); *Hodges v. Pfizer, Inc.*, 2016 WL 1222229, at *2 (D. Minn. Mar. 28, 2016) ("To ensure Rule 26(b) is not misapplied so as to allow fishing expeditions in discovery, a party must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotations and citations omitted)). CAIR further objections to this Interrogatory as seeking confidential information belonging to third parties, the privacy of which far outweighs any potential relevancy.

Based on these objections, no further answer will be provided.

**AS TO ANSWERS:**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated:  June 6, 2024                    **CAIR FOUNDATION, INC. D/B/A COUNCIL ON AMERICAN-ISLAMIC RELATIONS & CAIR**

By: _/s/ Lena F. Masri_
Its: _General Counsel_

Executed in Washington, D.C.

**AS TO OBJECTIONS:**

Dated:  June 6, 2024                    **FELHABER LARSON**

By: _/s/ Zachary A. Alter_
Sara G. McGrane, #233213
Zachary A. Alter, #0399991
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6321
smcgrane@felhaber.com
zalter@felhaber.com

**ATTORNEYS FOR DEFENDANT**