UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lori Saroya, | Case No.: 24-cv-110 (DWF/DTS) |
| Plaintiff, | |
| v. | **PLAINTIFF LORI SAROYA'S RESPONSE & MOTION TO STRIKE CAIR'S OBJECTIONS TO NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE** |
| CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR, | |
| Defendant. | |

---

Defendant CAIR's Objections to the Judge Schultz's well-reasoned 29-page decision granting Plaintiff Lori Saroya's Motion to Compel are baseless and must be stricken and overruled for three fundamental reasons. First, CAIR's Objections do not even attempt to comply with this Court's rules, filing a document that is nearly 6,000 words – almost double the 3,500 words permitted by D. Minn. Local Rule 72.2(c) – and with no required certificate of compliance. As a threshold matter, CAIR's Objections must be stricken. *See United States v. Anguiano*, 2017 WL 6501840, at *1 (D. Minn. Dec. 19, 2017) (granting Motion to Strike Objection that "exceeded the word count limit in Local Rule 72.2(c) and did not include a certificate of word count compliance as required in Local Rule 72.2(c)(3)"), *aff'd sub nom. United States v. Baez*, 983 F.3d 1029 (8th Cir. 2020); *Naca v. Macalester Coll.*, 2017 WL 4122601, at *2 (D. Minn. Sept. 18, 2017) (overruling objection exceeding word count at 7,568 words – "Naca's objection is overruled because it does not come close to complying with Local Rule 72.2(c)(1)(A)").

1

Second, CAIR's Objections are galling in that they fault the Magistrate Judge for not considering arguments that CAIR **_never made_**.  Having failed to raise arguments never made before Magistrate Judge Schultz, either in their briefing or at oral argument, CAIR has waived them. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (declining to address statute of limitations argument that was waived because it was not raised before the magistrate judge).

Third, Judge Schultz's decision granting, in large part, Ms. Saroya's motion to compel, was substantively correct.  As he found in his detailed decision:

> Though CAIR objects to the broad discovery Saroya seeks, that breadth is a self-inflicted wound occasioned by its own press release. In commenting on the merits of the 2021 lawsuit in the manner in which it did, CAIR resuscitated the very issues that had just been laid to rest.

(Dkt. No. 43, (the "Magistrate Judge Order") at 15.)

Notably, to date, CAIR has not produced a single document in response to Saroya's Document Requests, including the limited documents it agreed to produce back in June 2024. It is clear that these Objections are just a continuation of CAIR's stonewalling and violations of its discovery obligations, which cannot be allowed to continue. Accordingly, CAIR's Objections should be rejected and stricken, and Judge Schultz's decision must stand its in entirety.

## FACTUAL BACKGROUND

**CAIR Commences A Defamation Action Against Saroya**

On May 21, 2021, CAIR commenced a defamation action against Saroya titled *CAIR Foundation Inc. v. Lori Saroya*, Civil Action No. 0:21-cv-01267 (D. Minn.) (the

"2021 Litigation"). (*See* Dkt. No. 1 – Compl at ¶¶ 51-66 ("Compl.").) All of CAIR's claims stemmed from certain online posts by Saroya that CAIR maintained were not true. Among the statements that CAIR claimed were actionable were the following:

- statements relating to gender and religious discrimination, sexual harassment, hostile work environment and retaliation within CAIR;

- statements relating to CAIR having received foreign funding;

- statements relating to CAIR having engaged in union busting;

- statements relating to CAIR's corporate and financial mismanagement; and

- statements relating to CAIR using its attorneys to "suppress, silence, and intimidate" its employees and having a pattern of mistreating them.

(*See, e.g.*, 2021 Litigation Docket, Dkt. 1, ¶¶ 70–94.) When CAIR refused to produce documents relating to the truth or falsity of such statements in the initial lawsuit, Saroya was forced to repeatedly move to compel in the 2021 Litigation. (*See, e.g.*, 2021 Litigation Docket, Dkt. Nos. 37, 55.)

Saroya also filed a motion for partial judgment on the pleadings in the 2021 Litigation, arguing that the claims should be dismissed because, among other things, they were statements of non-actionable opinion. (*See* Compl. ¶ 60.) During the hearing on the motion, Judge Nelson noted that "what is actionable and not actionable is not clear at all from the face of the complaint." (*See* Compl. Ex. 1. at 23:22-23.) As a result of this and other deficiencies with CAIR's Complaint, Judge Nelson denied the motion for partial judgment on the pleadings without prejudice, but ordered CAIR to file an amended complaint within two weeks. (*Id.* Ex. 1 at 30:3-8.) In so ruling, the Court noted in part:

3

> I am going to rule from the bench that the motion is denied without prejudice and that the plaintiff is permitted to amend – I know it's the holiday but we do have to move this ahead. So I am going to ask you to do that promptly. I'll give you two weeks to do that.
>
> And I want there to be a lot of – I want to see a lot of discipline in that because the – a lot of these complaints, although they may be valid, they may be defamatory, they are not actionable. I mean, we really have to get down to what's actionable and what's clear.
>
> This is especially true of the statute of limitations. There will be an opportunity to provide the jury with context, but there can't be any confusion that statements made outside of the statute are somehow actionable. So I want to see a lot of discipline to this amendment; and once that's done, I invite the defense to make a decision about what you choose to do next. I think that's the best way to move ahead here.

(*Id.* Ex. 1 at 30:3-21.)

With two discovery motions pending that may have forced CAIR to disclose information that could prove the truth of Saroya's statements, and an order from the Court that CAIR narrow its allegations, CAIR voluntarily dismissed its action against Saroya in its entirety with prejudice. (*See* 2021 Litigation Docket, Dkt. No. 86.) The Court dismissed the CAIR action with prejudice on January 11, 2022. (*Id.*, Dkt. No. 88.)

**CAIR Issues The Defamatory Press Release Reviving The Issues That Were The Subject of the 2021 Litigation**

Despite having dismissed its lawsuit, CAIR did not cease its efforts to discredit Saroya. (*See* Compl. at ¶ 67.) Promptly after the dismissal of the CAIR action, on January 20, 2022, CAIR published a false and defamatory Press Release on its website titled *Community Update on Cyberstalking by Lori Saroya, Ex-Staffer*. (*Id.* ¶ 68, Ex. 4.) In the Press Release, CAIR falsely accused Saroya of "cyberstalking," which is a crime under federal and Minnesota law. (*Id.* ¶¶ 69-77 (citing 18 U.S.C. § 2261A; Minn. Stat. §

4

609.749).) For example, the Press Release contained allegations that Saroya "spent the past several years using anonymous email accounts and social media profiles to cyberstalk, smear and undermine our national office, local chapters, volunteers and community partners with help from anti-Muslim extremists." (*Id.* ¶ 73, Ex. 4.) CAIR further alleged, "After enduring this obsessive and destructive cyberstalking for years, we decided to file a defamation lawsuit against Lori in 2021 to expose the truth and protect our team in a court of law, where the truth matters." (*Id.* ¶ 74, Ex. 4.)

Similarly, CAIR accused Saroya of harassment. For example, CAIR asserted:

> First, the litigation had already <u>allowed us to prove her conduct</u>: working with Islamophobes, sending hundreds of anonymous emails in the middle of the night attacking our civil rights organization, harassing us and our supporters on social media, among many other things.

(*Id.* Ex. 4 (emphasis added).) In so alleging, CAIR not only accused Saroya of yet another crime, but it also alleged that it had been able to prove Saroya's conduct in the litigation (i.e., that she had engaged in defamation and, thus, that her statements about CAIR were purportedly false). These assertions were simply false, and indeed, are not only defamatory, but defamatory per se. (*See id.* ¶¶ 78-80, 82, 96, 106.)

**Saroya's Claims Against CAIR**

CAIR's motive in issuing the Press Release is apparent—it sought to blacken Saroya's reputation, destroy her credibility in the community and silence her and others who have raised concerns about CAIR's misconduct. (*See id.* ¶¶ 1, 77.) And while CAIR cannot succeed in its efforts to keep Saroya from telling the truth about her experiences at CAIR, it has succeeded in causing significant emotional distress and injury to Saroya and

5

her reputation. (*See id.* ¶ 7.) For example, Saroya has been forced to endure online and in-person bullying and harassment, alienation from members of her religious community, and loss of employment opportunities. (*Id.*) As a result, Saroya was forced to file her initial Complaint against CAIR on January 16, 2024.

On May 7, 2024, Saroya served her First Request for Documents and First Set of Interrogatories on CAIR. (*See* Dkt. No. 35 at Exs. 2-3.) CAIR served its Objections and its Answers to her First Set Interrogatories on June 6, 2024, and its Objections and Responses to Saroya's Document Requests on June 25, 2024, in which it agreed to produce a limited category of documents and provide limited answers, but objected to many of Saroya's document requests and interrogatories. (*Id.* at Exs. 5-6.) As a result, Saroya moved to compel production of this relevant discovery. (*See* Dkt. Nos. 32, 34.) On November 5, 2024, Magistrate Judge Schultz granted to bulk of Saroya's Motion to Compel in a well-reasoned decision. (*See* Dkt. No. 43.) To date, CAIR has not produced a single document in response to Saroya's Document Requests.

## ARGUMENT

### I. CAIR's Objections Should Be Stricken For Failing To Comply With Local Rule 72.2(c)

As a threshold matter, CAIR's Objections should be stricken in their entirety because they fail to comply with D. Minn. Local Rule 72.2(c). The rule provides that any objections to a non-dispositive order from the magistrate may not exceed 3,500 words without prior permission from the Court, and must be accompanied by a Certificate of Compliance executed by the party's attorney affirming the document complies with the

word limits. *See* D. Minn. L.R. 72.2(c). Tellingly, CAIR's Objections do not contain a Certificate of Compliance, <u>because they do not even attempt to comply with the Local Rule</u>. Instead, CAIR has essentially doubled the word limitation, and submitted a document that is nearly 6,000 words. Further, CAIR did not seek or obtain permission from the Court to submit this procedurally improper filing. Accordingly, CAIR's Objections must be stricken. *See Anguiano*, 2017 WL 6501840, at *1 (granting motion to strike objection that "exceeded the word count limit in Local Rule 72.2(c) and did not include a certificate of word count compliance as required in Local Rule 72.2(c)(3)"); *Naca*, 2017 WL 4122601, at *2 (overruling objection that exceeded word count at 7,568 words – "Naca's objection is overruled because it does not come close to complying with Local Rule 72.2(c)(1)(A)"); *Burns v. Off. of Atty. Gen.*, 2009 WL 825778, at *1 (D. Minn. Mar. 27, 2009) (overruling objection that exceeded word count at 9,100 words and thus "grossly violated the local rules that apply to such objections").

## II. CAIR Waived Its Belated Arguments Concerning Any Purported First Amendment Privilege And The "Heightened" Standard For Disclosing <u>Settlement Agreements</u>

Second, the bulk of CAIR's Objections concern arguments that it did not make before Judge Schultz and, therefore, waived. As made clear by the Court of Appeals for the Eighth Circuit, parties are:

> required to present all of [their] arguments to the magistrate judge, lest they be waived. When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review."

7

> We have held that the "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Just as parties cannot present arguments to the appellate court that they did not raise before the district court, "[p]arties must take before the magistrate, not only their best shot but all of their shots."

*Ridenour*, 679 F.3d at 1067.

Here, CAIR faults Judge Schultz for failing to engage in a complex burden-shifting analysis with respect to whether a party may assert a First Amendment privilege in response to discovery seeking its donor lists and funding sources. CAIR's position should been seen as an affront by this Court given that:

- it never raised this argument before Judge Schultz, either in its opposition briefing or at oral argument;

- CAIR did not cite any burden-shifting First Amendment cases in its prior briefing opposing Saroya's Motion to Compel;

- nor did it ask Judge Schultz to perform this analysis during oral argument.

(*See* Dkt. No. 39.)[1]

Moreover, CAIR's opposition briefing made no mention of a First Amendment privilege, or any argument that Saroya must meet a "heightened standard" and show a "compelling need" for disclosure of its donor information to overcome that privilege. (*Id.*) Indeed, CAIR's opposition briefing does not even contain the words "First Amendment,"

---

[1] Moreover, CAIR did not even claim any sort of "First Amendment privilege" in its initial Response and Objections to Saroya's First Request for Production of Documents. (*See* Dkt. No. 35 at Ex. 5, Response to Request No. 32.) Thus, this objection is waived for this additional reason. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (holding language from Rule 33 that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown" applies equally to requests for production under Rule 34).

8

"heightened standard," or "compelling need." (*Id.*) Instead, CAIR made a single passing reference to the "infring[ing] on donors' freedoms of speech and association" in its opposition brief. (*Id.* at 22.) That is not sufficient to preserve this purported First Amendment privilege argument that CAIR now raises in its Objections. *See Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not <u>clearly presented</u> to the magistrate judge.") (emphasis added). Accordingly, CAIR has waived this argument and cannot raise it now to object to Judge Schultz's decision. *See Allen J. v. Saul*, 2019 WL 3219691, at *1 (D. Minn. July 17, 2019) ("To the extent Allen J.'s objections raised new arguments not already raised before Magistrate Judge Rau, those arguments are waived, and they will not be considered here."); *Naca*, 2017 WL 4122601, at *2 ("There is another serious procedural problem with Naca's objection: In challenging Judge Rau's ruling, Naca makes arguments that she could have made, but did not make, before Judge Rau . . . . This is plainly improper.").

This same rule of law applies to CAIR's argument concerning the alleged heightened standard for the production of confidential settlement agreements – it has been waived because CAIR did not raise it before Judge Schultz. CAIR now claims that courts require "the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." (*See* Dkt. No. 47 at 19.) But once again, this argument is nowhere to be found in its briefing opposing Saroya's Motion to Compel. CAIR's Opposition briefing does not even mention Rule 408, and does not argue that Saroya must

9

meet some sort of heightened standard to be entitled to this discovery. As such, this argument has also been waived.

### III. Judge Schultz Correctly Found That The Discovery Sought By Saroya Was Relevant And Discoverable Given The Broad Defamatory Statements Contained In CAIR's Press Release

Finally, to the extent this Court deems to consider the substance of CAIR's Objections, which are primarily based on relevance, they are still without merit. Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* "In the context of discovery, 'relevant' has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Walker v. Nw. Airlines Corp.*, 2002 WL 32539635, at *1 (D. Minn. Oct. 28, 2002) (quotation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (the rules provide for "broad and liberal" discovery; "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989) (noting that relevancy "is a difficult objection upon which to prevail during the discovery phase of an action."). Moreover, "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient." *LNV Corp. v. Outsource Serv. Mgmt., LLC*, 2013 WL 12180768, at *3 (D. Minn. Nov. 14, 2013) (quoting 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2008 (2013)).

Here, Judge Schultz correctly determined that information concerning CAIR's donors, the source of CAIR's funding for acquisition of its property in Washington D.C., CAIR's habit of entering into confidential settlement agreements to hide its misconduct, and all of CAIR's communications about Saroya, are relevant and discoverable in this litigation, given the broad statements that CAIR made in its Press Release that put the truth or falsity of Saroya's statements in the 2021 Litigation directly at issue. Specifically, CAIR put the truth or falsity of its allegations about Saroya in the prior litigation, as well as Saroya's statements preceding that litigation, directly at issue by using the Press Release to publicly broadcast to all of its supporters, as well as news outlets, that it had proven Saroya defamed it, and by way of inference, proven Saroya to be a liar making false statements about CAIR. Documents and information demonstrating the truth[2] of the statements at issue in the 2021 Litigation speak directly to whether or not CAIR was able to (or could ever) prove that those statements were defamatory, and thus false. Accordingly, Judge Schultz properly ruled:

> CAIR's position is far too narrow. Its argument might be more persuasive had the press release merely stated that the judge in the 2021 litigation denied Saroya's Motion to Dismiss without prejudice and meticulously conveyed the procedural significance of that ruling. ***But CAIR did not do that***. Instead, CAIR stated that "[Saroya] was not able to defeat our lawsuit. . . .[which] allowed us to prove her conduct," and that "we have already proven those facts." A fair reading of the press release, particularly by a lay audience, would permit the reader to infer that Saroya had committed a crime, had defamed CAIR, had interfered with its business and breached her

---

[2] Truth is a complete defense to defamation. *See McKee v. Laurion*, 825 N.W.2d 725, 730 (Minn. 2013) ("Truth is a complete defense to a defamation claim and true statements, however disparaging, are not actionable.") (quotation omitted); *Alexander v. Ball*, 2021 WL 2201491, at *3 (Minn. Ct. App. June 1, 2021) (same). It is also a defense that Saroya asserted in the 2021 Litigation.

11

nondisclosure agreement. **Though CAIR objects to the broad discovery Saroya seeks, that breadth is a self-inflicted wound occasioned by its own press release. In commenting on the merits of the 2021 lawsuit in the manner in which it did, CAIR resuscitated the very issues that had just been laid to rest.**

(*See* Dkt. No. 43 at 15, 18 (emphasis added).) As Judge Schultz found, "CAIR alleged Saroya falsely accused the organization of withholding funds, gender and religious discrimination, sexual harassment, workplace hostility, retaliation, union busting, financial mismanagement, improper management, legal misconduct, receipt of foreign funding, and use of attorneys to suppress and silence employees." (*Id.* at 18.) Therefore, whether "**these accusations were true bears directly on whether CAIR falsely stated the 2021 litigation had allowed it 'to prove Saroya's conduct.**'" (*Id.* (emphasis added).) Accordingly, CAIR's Objections should be overruled, and Judge Schultz's Order should stand in its entirety.

## CONCLUSION

For the foregoing reasons, Saroya respectfully requests that the Court strike CAIR's Objections in their entirety for CAIR's failure to comply with D. Minn. Local Rule 72.2(c). Alternatively, Saroya respectfully requests that CAIR's Objections be overruled, allowing Judge Schultz's Order to stand in its entirety.

Dated: December 19, 2024         **SAUL EWING LLP**

By:   *<u>s/ Joseph D. Lipchitz</u>*
      Steven C. Kerbaugh (MN #0390429)
      33 S. 6th St., Suite 4750
      Minneapolis, MN 55402
      (612) 225-2946
      steve.kerbaugh@saul.com

      Jefferey S. Robbins
      (admitted pro hac vice)
      Joseph D. Lipchitz
      (admitted pro hac vice)
      Kelsey M. Westrich
      (admitted pro hac vice)
      131 Dartmouth Street, Suite 501
      Boston, MA 02116

      *Attorneys for Plaintiff Lori Saroya*