

Steven C. Kerbaugh
Phone:  (612) 225-2792
steven.kerbaugh@saul.com
www.saul.com

December 23, 2024

**Via ECF**

Honorable David T. Schultz, United States Magistrate Judge
United States District Court
Courtroom 9E
300 South Fourth Street
Minneapolis, MN 55415

     **RE:**   *Lori Saroya v. CAIR Foundation, Inc.,* **Case No. 24-cv-00110-DWF-DTS**

Dear Your Honor:

     On behalf of plaintiff Lori Saroya in the above-referenced case, we write to respectfully request leave to file a reply to defendant CAIR's opposition to her motion to amend the complaint to add as individual defendants the top officials of CAIR who, as CAIR indicated in its interrogatory responses, were directly involved in the publication of the defamatory statements at issue.  Specifically, where CAIR's opposition asserts that the proposed individual defendants lacked sufficient contact with Minnesota for this Court to exercise *in personam* jurisdiction over them, Ms. Saroya seeks the opportunity to address that assertion and, based on her own personal knowledge, the public record and documents in her possession, to demonstrate that their assertion to this Court is at <u>extremely</u> sharp variance with the facts.  She seeks the opportunity to demonstrate to the Court that, quite contrary to CAIR's representations to this Court, the individual defendants have had very longstanding, persistent, purposeful and extensive relationships with Minnesota, in certain cases going back decades and in any event continuing to this day.

     Ms. Saroya also seeks the opportunity to reply in order to bring to this Court's attention the Eighth Circuit authority and authority from this very Court, which CAIR has not mentioned in its filing, holding that this Court of course would have jurisdiction over the individual defendants and that, if there is any question on this score, Ms. Saroya should be permitted to conduct expedited, limited discovery from the individual defendants on the precise issue of their contacts and long history with Minnesota (which

33 S. 6th Street, Suite 4750 ♦ Minneapolis, MN 55402 ♦ Phone: 612-225-2800 ♦ Fax: 612-677-3844

CALIFORNIA  DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

December 23, 2024
Page 2

we respectfully submit will be undeniable). She also seeks leave to show that under the governing law, the claims against the individual defendants relate back to the date of the filing of the initial complaint pursuant to Fed. R. Civ. P. 15(c).

Ms. Saroya seeks permission to file an affidavit based on her personal knowledge as the founder of CAIR's Minnesota chapter, her tenure as a member of CAIR's National Board, and her tenure as a member of CAIR's national management team, of her personal knowledge of the individual defendants' education in Minnesota, their businesses in Minnesota, residence in Minnesota, political activities in Minnesota, fundraising activities within Minnesota, trips to and meetings in Minnesota and communications aimed at and within Minnesota. She seeks permission to attach to her affidavit documents, some a matter of public record, proving this, and demonstrating that the representations that have been made to this Court are not true.

She also seeks leave to bring to the Court's attention seminal cases on the issue of *in personam* jurisdiction which CAIR has seen fit not to raise, but which are highly instructive here. *See, e.g.*, *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (reversing dismissal of case and ordering that plaintiff be permitted to conduct jurisdictional discovery); *Kruger v. Lely N. Am., Inc.*, 2020 WL 12991167, at *4 (D. Minn. Dec. 14, 2020) (granting jurisdictional discovery where the record raised, but did not definitively answer, issues affecting jurisdiction); *see also NextGen HBM., Inc. v. ListReport, Inc.*, 2017 WL 8229442, at *3 (D. Minn. Feb. 9, 2017) (allowing jurisdictional discovery where it was "not evident to the Court that [factual jurisdictional issues] can be properly resolved based entirely on the representations made in the parties' briefings or without the benefit of any discovery"). Here, Ms. Saroya submits that the evidence she will provide with her reply will demonstrate that this Court clearly <u>does</u> have *in personam* jurisdiction over the proposed individual defendants, but she intends to request that if there is any question on this point, she be permitted to take the depositions of the proposed individual defendants for no more than three hours each, limited to jurisdictional issues, and to do so within the next thirty (30) days.

She further wishes to bring to the Court's attention the District Court's decision in *Am. Dairy Queen Corp. v. Blume*, 2011 WL 6994715, at *9 (D. Minn. Dec. 2, 2011), and other authority, applying and interpreting the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984).

Finally, she wishes to bring to the Court's attention U.S. Supreme Court and other authority on how the "relation back" doctrine under Fed. R. Civ. P. 15(c) is to be applied, in order to demonstrate that the claims against the individual defendants would indeed relate back to the date of the filing of the initial complaint under that doctrine.

December 23, 2024
Page 3


Thank you for your consideration.


Sincerely,

*/s/ Steven C. Kerbaugh*

Steven C. Kerbaugh

cc:     All counsel of record