UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Saroya,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations & CAIR,<br><br>　　　　Defendant. | Case No.: 24-cv-110 (DWF/DTS)<br><br>**PLAINTIFF LORI SAROYA'S RESPONSE TO CAIR'S AMENDED OBJECTIONS TO NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE** |

Defendant CAIR's Amended Objections to the Judge Schultz's well-reasoned 29-page decision granting Plaintiff Lori Saroya's Motion to Compel are baseless and must be stricken and overruled for two fundamental reasons. First, CAIR's Amended Objections are galling in that they fault the Magistrate Judge for not considering arguments that CAIR ***never made***. Having failed to raise arguments never made before Magistrate Judge Schultz, either in their briefing or at oral argument, CAIR has waived them. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (declining to address statute of limitations argument that was waived because it was not raised before the magistrate judge); *Allen J. v. Saul*, 2019 WL 3219691, at *1 (D. Minn. July 17, 2019) ("To the extent Allen J.'s objections raised new arguments not already raised before Magistrate Judge Rau, those arguments are waived, and they will not be considered here.").

　　Second, Judge Schultz's decision granting, in large part, Ms. Saroya's motion to compel, was substantively correct. As he found in his detailed decision:

1

> Though CAIR objects to the broad discovery Saroya seeks, that breadth is a self-inflicted wound occasioned by its own press release. In commenting on the merits of the 2021 lawsuit in the manner in which it did, CAIR resuscitated the very issues that had just been laid to rest.

(Dkt. No. 43, (the "Magistrate Judge Order") at 15.)

Notably, to date, CAIR has not produced a single document in response to Saroya's Document Requests, including the limited documents it agreed to produce back in June 2024. It is clear that these Amended Objections are just a continuation of CAIR's stonewalling and violations of its discovery obligations, which cannot be allowed to continue. Accordingly, CAIR's Amended Objections should be rejected, and Judge Schultz's decision must stand its in entirety.

## **FACTUAL BACKGROUND**

**CAIR Commences A Defamation Action Against Saroya**

On May 21, 2021, CAIR commenced a defamation action against Saroya titled *CAIR Foundation Inc. v. Lori Saroya*, Civil Action No. 0:21-cv-01267 (D. Minn.) (the "2021 Litigation"). (*See* Dkt. No. 1 – Compl ¶¶ 51-66 ("Compl.").) All of CAIR's claims stemmed from certain online posts by Saroya that CAIR maintained were not true. Among the statements that CAIR claimed were actionable were the following:

- statements relating to gender and religious discrimination, sexual harassment, hostile work environment and retaliation within CAIR;

- statements relating to CAIR having received foreign funding;

- statements relating to CAIR having engaged in union busting;

- statements relating to CAIR's corporate and financial mismanagement; and

2

- statements relating to CAIR using its attorneys to "suppress, silence, and intimidate" its employees and having a pattern of mistreating them.

(*See, e.g.*, 2021 Litigation Docket, Dkt. 1, ¶¶ 70–94.) When CAIR refused to produce documents relating to the truth or falsity of such statements in the initial lawsuit, Saroya was forced to repeatedly move to compel in the 2021 Litigation. (*See, e.g.*, 2021 Litigation Docket, Dkt. Nos. 37, 55.)

Saroya also filed a motion for partial judgment on the pleadings in the 2021 Litigation, arguing that the claims should be dismissed because, among other things, they were statements of non-actionable opinion. (*See* Compl. ¶ 60.) During the hearing on the motion, Judge Nelson noted that "what is actionable and not actionable is not clear at all from the face of the complaint." (*See id.* Ex. 1. at 23:22-23.) As a result of this and other deficiencies with CAIR's Complaint, Judge Nelson denied the motion for partial judgment on the pleadings without prejudice, but ordered CAIR to file an amended complaint within two weeks. (*Id.* Ex. 1 at 30:3-8.) In so ruling, the Court noted in part:

> I am going to rule from the bench that the motion is denied without prejudice and that the plaintiff is permitted to amend – I know it's the holiday but we do have to move this ahead. So I am going to ask you to do that promptly. I'll give you two weeks to do that.
>
> And I want there to be a lot of – I want to see a lot of discipline in that because the – a lot of these complaints, although they may be valid, they may be defamatory, they are not actionable. I mean, we really have to get down to what's actionable and what's clear.
>
> … So I want to see a lot of discipline to this amendment; and once that's done, I invite the defense to make a decision about what you choose to do next. I think that's the best way to move ahead here.

(*Id.* Ex. 1 at 30:3-21.)

3

With two discovery motions pending that may have forced CAIR to disclose information that could prove the truth of Saroya's statements, and an order from the Court that CAIR narrow its allegations, CAIR voluntarily dismissed its action against Saroya in its entirety with prejudice. (*See* 2021 Litigation Docket, Dkt. No. 86.) The Court dismissed the CAIR action with prejudice on January 11, 2022. (*Id.*, Dkt. No. 88.)

**CAIR Issues The Defamatory Press Release Reviving The Issues That Were The Subject of the 2021 Litigation**

Despite having dismissed its lawsuit, CAIR did not cease its efforts to discredit Saroya. (*See* Compl. ¶ 67.) Promptly after the dismissal of the CAIR action, on January 20, 2022, CAIR published a false and defamatory Press Release on its website titled *Community Update on Cyberstalking by Lori Saroya, Ex-Staffer*. (*Id.* ¶ 68, Ex. 4.) In the Press Release, CAIR falsely accused Saroya of "cyberstalking," which is a crime under federal and Minnesota law. (*Id.* ¶¶ 69-77 (citing 18 U.S.C. § 2261A; Minn. Stat. § 609.749).) For example, the Press Release contained allegations that Saroya "spent the past several years using anonymous email accounts and social media profiles to cyberstalk, smear and undermine our national office, local chapters, volunteers and community partners with help from anti-Muslim extremists." (*Id.* ¶ 73, Ex. 4.) CAIR further alleged, "After enduring this obsessive and destructive cyberstalking for years, we decided to file a defamation lawsuit against Lori in 2021 to expose the truth and protect our team in a court of law, where the truth matters." (*Id.* ¶ 74, Ex. 4.)

Similarly, CAIR accused Saroya of harassment. For example, CAIR asserted:

First, the litigation had already <u>allowed us to prove her conduct</u>:  working with Islamophobes, sending hundreds of anonymous emails in the middle

4

> of the night attacking our civil rights organization, harassing us and our supporters on social media, among many other things.

(*Id.* Ex. 4 (emphasis added).) In so alleging, CAIR not only accused Saroya of yet another crime, but it also alleged that it had been able to prove Saroya's conduct in the litigation (i.e., that she had engaged in defamation and, thus, that her statements about CAIR were purportedly false). These assertions were simply false and, indeed, are not only defamatory, but defamatory per se. (*See id.* ¶¶ 78-80, 82, 96, 106.)

**Saroya's Claims Against CAIR**

CAIR's motive in issuing the Press Release is apparent—it sought to blacken Saroya's reputation, destroy her credibility in the community and silence her and others who have raised concerns about CAIR's misconduct. (*See id.* ¶¶ 1, 77.) And while CAIR cannot succeed in its efforts to keep Saroya from telling the truth about her experiences at CAIR, it has succeeded in causing significant emotional distress and injury to Saroya and her reputation. (*See id.* ¶ 7.) As a result, Saroya was forced to file her initial Complaint against CAIR on January 16, 2024.

On May 7, 2024, Saroya served her First Request for Documents and First Set of Interrogatories on CAIR. (*See* Dkt. No. 35 at Exs. 2-3.) CAIR served its Objections and its Answers to her First Set Interrogatories on June 6, 2024, and its Objections and Responses to Saroya's Document Requests on June 25, 2024, in which it agreed to produce a limited category of documents and provide limited answers, but objected to many of Saroya's document requests and interrogatories. (*Id.* Exs. 5-6.) As a result, Saroya moved to compel production of this relevant discovery. (*See* Dkt. Nos. 32, 34.) On November 5, 2024,

Magistrate Judge Schultz granted the bulk of Saroya's Motion to Compel in a well-reasoned decision. (*See* Dkt. No. 43.) To date, CAIR has not produced a single document in response to Saroya's Document Requests.

## ARGUMENT

### I. As a Matter of Well-Established Law, CAIR Waived Its Belated Arguments Concerning Any Purported First Amendment Privilege And The "Heightened" Standard For Disclosing Settlement Agreements

First, the bulk of CAIR's Amended Objections concern arguments that it did not make before Judge Schultz and, therefore, waived. As made clear by the Court of Appeals for the Eighth Circuit, parties are:

> required to present all of [their] arguments to the magistrate judge, lest they be waived. When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review."
>
> We have held that the "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Just as parties cannot present arguments to the appellate court that they did not raise before the district court, "[p]arties must take before the magistrate, not only their best shot but all of their shots."

*Ridenour*, 679 F.3d at 1067.

Here, CAIR faults Judge Schultz for failing to engage in a complex burden-shifting analysis with respect to whether a party may assert a First Amendment privilege in response to discovery seeking its donor lists and funding sources. CAIR's position should been seen as an affront by this Court given that:

- it never raised this argument before Judge Schultz, either in its opposition briefing or at oral argument;

6

- CAIR did not cite any burden-shifting First Amendment cases in its prior briefing opposing Saroya's Motion to Compel;

- nor did it ask Judge Schultz to perform this analysis during oral argument.

(*See* Dkt. No. 39.)

Further, CAIR's opposition briefing made no mention of a First Amendment privilege, or any argument that Saroya must meet a "heightened standard" and show a "compelling need" for disclosure of its donor information to overcome that privilege. (*Id.*) Indeed, CAIR's opposition briefing does not even contain the words "First Amendment," "heightened standard," or "compelling need." (*Id.*) Instead, CAIR made a single passing reference to the "infring[ing] on donors' freedoms of speech and association" in its opposition brief. (*Id.* at 22.) That is not sufficient to preserve this purported First Amendment privilege argument that CAIR now raises in its Objections. *See Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not <u>clearly presented</u> to the magistrate judge.") (emphasis added).

Accordingly, CAIR has waived this argument and cannot raise it now to object to Judge Schultz's decision. *See Allen J. v. Saul*, 2019 WL 3219691, at *1 (D. Minn. July 17, 2019) ("To the extent Allen J.'s objections raised new arguments not already raised before Magistrate Judge Rau, those arguments are waived, and they will not be considered here."); *Naca*, 2017 WL 4122601, at *2 ("There is another serious procedural problem with Naca's objection: In challenging Judge Rau's ruling, Naca makes arguments that she could have made, but did not make, before Judge Rau . . . . This is plainly improper.").

7

Moreover, CAIR did not even claim any sort of "First Amendment privilege" in its initial Response and Objections to Saroya's First Request for Production of Documents. (*See* Dkt. No. 35 at Ex. 5, Response to Request No. 32.) Thus, this objection is waived for this additional reason. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (holding language from Rule 33 that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown" applies equally to requests for production under Rule 34).

This same rule of law applies to CAIR's argument concerning the alleged heightened standard for the production of confidential settlement agreements – it has been waived because CAIR did not raise it before Judge Schultz. CAIR now claims that courts require "the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." (*See* Dkt. No. 47 at 19.) But once again, CAIR never asserted this argument in any way before Judge Schultz. Indeed, CAIR's Opposition briefing does not even mention Rule 408 and does not argue that Saroya must meet some sort of heightened standard to be entitled to this discovery. As such, this argument has also been waived, as a matter of law.

**II.  Judge Schultz Correctly Found That The Discovery Sought By Saroya Was Discoverable Given The Broad Defamatory Statements Contained In <u>CAIR's Press Release</u>**

To the extent this Court considers the substance of CAIR's waived arguments in its Amended Objections, they are still without merit.

### A. The First Amendment Does Not Preclude Disclosure Of CAIR's Donor Lists To A Private Litigant, Which CAIR Put Directly At Issue In This Litigation With Its Defamatory Press Release

With respect to CAIR's belated First Amendment privilege argument, it is unavailing and does not prevent disclosure of its donor lists, as ordered by Judge Schultz. "[T]he First Amendment does not prohibit discovery into legitimate, relevant matters, even when such discovery may produce a chilling effect on a party's First Amendment rights." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473 (M.D.N.C. 2003) (affirming grant of motion to compel); *see also Herbert v. Lando*, 441 U.S. 153 (1979) (holding First Amendment did not bar plaintiff from inquiring into editorial process in discovery); *Johnson v. CBS, Inc.*, 1996 WL 907735, at *5 (D. Minn. Sept. 4, 1996) ("There is no First Amendment privilege to protect from disclosure relevant evidence about the editorial process.").

Here, it is CAIR that placed its donors and funding sources at the heart of this litigation by issuing a Press Release that claimed it proved Saroya defamed it when she said CAIR accepted foreign funding. The truth or falsity of that statement about foreign funding is therefore at the crux of Saroya's current defamation lawsuit. Accordingly, the discovery sought is critical to Saroya's claims. Moreover, this information cannot be obtained from any source except CAIR. Therefore, Saroya has a substantial interest in obtaining CAIR's donor information that outweighs any purported First Amendment concerns. *See AFT Michigan v. Project Veritas*, 2023 WL 2890152, at *8 (E.D. Mich. Apr. 10, 2023) (affirming magistrate's order granting motion to compel donor lists, noting judge "appreciated the importance of the donors' associational privacy rights" and "also correctly

9

recognized, however, that those rights are not absolute and may be outweighed by a sufficiently important interest"); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518, at *12 (N.D. Cal. May 31, 2018) (granting motion to compel communications with donors in face of First Amendment objection, holding information was "highly relevant" and "Plaintiffs' interest in obtaining the communications at issue outweighs the harm of such disclosure"); *Tesla Motors, Inc. v. Johnson*, 2017 WL 11500988, at *6 (W.D. Mich. Dec. 11, 2017) (rejecting First Amendment objection and holding magistrate correctly ordered non-party to produce communications with its trade group).

Further, the cases cited by CAIR in its Amended Objections are clearly distinguishable because they involved compelled disclosure of affiliations by the government, which is subject to a higher level of scrutiny, but is not the case here. *See Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987) (affirming contempt orders against party who refused to turn over donor lists - "Here, <u>it is not a question of the government seeking to obtain and publicize a list of names, but of a private litigant seeking to view a list for the purpose of deposing individuals who may have relevant information about a pending case . . . . The district court acted reasonably in recognizing the right of plaintiffs to conduct discovery and ordering that the Ku Klux Klan membership list be turned over</u>.") (emphasis added). Therefore, Judge Schultz correctly granted Saroya's Motion to Compel this information, and his order must stand.

### B. Judge Schultz Correctly Determined That The Information Sought By Saroya Is Highly Relevant And Discoverable

CAIR also objects to the bulk of Saroya's requested discovery on the basis of relevance. Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* "In the context of discovery, 'relevant' has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Walker v. Nw. Airlines Corp.*, 2002 WL 32539635, at *1 (D. Minn. Oct. 28, 2002) (quotation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (the rules provide for "broad and liberal" discovery; "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989) (noting that relevancy "is a difficult objection upon which to prevail during the discovery phase of an action."). Moreover, "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient." *LNV Corp. v. Outsource Serv. Mgmt., LLC*, 2013 WL 12180768, at *3 (D. Minn. Nov. 14, 2013) (quoting 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2008 (2013)).

Here, Judge Schultz correctly determined that information concerning CAIR's donors, the source of CAIR's funding for acquisition of its property in Washington D.C., CAIR's habit of entering into confidential settlement agreements to hide its misconduct, and all of CAIR's communications about Saroya, are relevant and discoverable in this

litigation, given the broad statements that CAIR made in its Press Release that put the truth or falsity of Saroya's statements in the 2021 Litigation directly at issue. Specifically, CAIR put the truth or falsity of its allegations about Saroya in the prior litigation, as well as Saroya's statements preceding that litigation, directly at issue by using the Press Release to publicly broadcast to all of its supporters, as well as news outlets, that it had proven Saroya defamed it, and by way of inference, proven Saroya to be a liar making false statements about CAIR. Documents and information demonstrating the truth[1] of the statements at issue in the 2021 Litigation speak directly to whether or not CAIR was able to (or could ever) prove that those statements were defamatory, and thus false. Accordingly, Judge Schultz properly ruled:

> CAIR's position is far too narrow. Its argument might be more persuasive had the press release merely stated that the judge in the 2021 litigation denied Saroya's Motion to Dismiss without prejudice and meticulously conveyed the procedural significance of that ruling. ***But CAIR did not do that***. Instead, CAIR stated that "[Saroya] was not able to defeat our lawsuit. . . .[which] allowed us to prove her conduct," and that "we have already proven those facts." A fair reading of the press release, particularly by a lay audience, would permit the reader to infer that Saroya had committed a crime, had defamed CAIR, had interfered with its business and breached her nondisclosure agreement. **Though CAIR objects to the broad discovery Saroya seeks, that breadth is a self-inflicted wound occasioned by its own press release. In commenting on the merits of the 2021 lawsuit in the manner in which it did, CAIR resuscitated the very issues that had just been laid to rest.**

---

[1] Truth is a complete defense to defamation. *See McKee v. Laurion*, 825 N.W.2d 725, 730 (Minn. 2013) ("Truth is a complete defense to a defamation claim and true statements, however disparaging, are not actionable.") (quotation omitted). It is also a defense that Saroya asserted in the 2021 Litigation.

(*See* Dkt. No. 43 at 15, 18 (emphasis added).) As Judge Schultz found, "CAIR alleged Saroya falsely accused the organization of withholding funds, gender and religious discrimination, sexual harassment, workplace hostility, retaliation, union busting, financial mismanagement, improper management, legal misconduct, receipt of foreign funding, and use of attorneys to suppress and silence employees." (*Id.* at 18.) Therefore, whether "**these accusations were true bears directly on whether CAIR falsely stated the 2021 litigation had allowed it 'to prove Saroya's conduct.'**" (*Id.* (emphasis added).) Accordingly, CAIR's Amended Objections should be overruled, and Judge Schultz's Order should stand in its entirety.

## CONCLUSION

For the foregoing reasons, Saroya respectfully requests that CAIR's Amended Objections be overruled, allowing Judge Schultz's Order to stand in its entirety.

Dated: January 9, 2024                **SAUL EWING LLP**

By:   *s/ Joseph D. Lipchitz*
Steven C. Kerbaugh (MN #0390429)
33 S. 6th St., Suite 4750
Minneapolis, MN 55402
(612) 225-2946
steve.kerbaugh@saul.com

Jefferey S. Robbins
(admitted pro hac vice)
Joseph D. Lipchitz
(admitted pro hac vice)
Kelsey M. Westrich
(admitted pro hac vice)
131 Dartmouth Street, Suite 501
Boston, MA 02116

*Attorneys for Plaintiff Lori Saroya*

13