

Jeffrey S. Robbins
Phone: (617) 912-0941
Fax: (617) 723-4151
jeffrey.robbins@saul.com
www.saul.com

January 23, 2025

Hon. Donovan W. Frank
United States District Court for the District of Minnesota
Warren E. Burger Federal Building & U.S. Courthouse
316 N. Robert Street
St. Paul, MN 55101

      RE:    *Lori Saroya v. CAIR*, **Case No. 24-CV-110**
              <u>Notice of Recent Relevant Supreme Court Authority</u>

Dear Judge Frank:

      I write on behalf of plaintiff Lori Saroya in order to bring to Your Honor's attention a decision of the United States Supreme Court handed down last Friday, January 17th, *TikTok v. Garland*, 2025 WL 22571, 604 U.S. __, which, because it disposes of an argument made by defendant CAIR in appealing the decision of Magistrate Judge Schultz ordering it to disclose evidence of CAIR's solicitation and receipt of foreign funding (*see* ECF Nos. 43 (Order), 72 (Objections), 76 (Response)), we believe is highly relevant to Your Honor's consideration of CAIR's appeal.  In sum, although CAIR did not argue to Magistrate Judge Schultz in the first instance that the First Amendment protected its foreign donors from the disclosure of such evidence, it did do so in its appeal of Magistrate Judge Schultz's Order.  In its decision on Friday, the Supreme Court affirmed that in fact foreign nationals cannot claim First Amendment protections and, in so doing, cited a long line of Supreme Court precedent also so holding.

      As part of Judge Schultz' discovery order, he directed CAIR to produce documents and answer interrogatories concerning its donors, particularly as it relates to its foreign funding, which was an issue the Court found CAIR put directly at issue:

> Yet the thrust of CAIR's allegations against Saroya in the 2021 complaint is that Saroya falsely implied CAIR received funding from foreign governments and terrorists when she stated CAIR accepted "international funding through their Washington Trust Foundation."

(*See* ECF No. 43 at p. 17; *see also id.* at pp. 2, 4, 18, 26.)  In its Objections, CAIR raised, for the first time, freedom of association concerns in connection with the compelled disclosure of its

131 Dartmouth Street, Suite 501 ◆ Boston, MA 02116 ◆ Phone: (617)723-3300 ◆ Fax: (617) 723-4151

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

January 23, 2025
Page 2

donors and faulted Judge Schultz for failing to engage in a First Amendment burden shifting analysis.[1]

Not only did CAIR fail to make this argument before Judge Schultz, but controlling United State Supreme Court authority makes it clear that foreign citizens have no such First Amendment rights, a point made clear in the United States Supreme Court's recent decision in *TikTok v. Garland*, 2025 WL 222571; 604 U.S. __ (U.S. Jan. 17, 2025). In *TikTok*, operators of the social media platform TikTok and a group of users and creators challenged, asserting the protections provided to speech under the First Amendment, the Protecting Americans from Foreign Adversary Controlled Applications Act (the "Act"). The Act made it unlawful for companies in the United States to provide services to distribute, maintain, or update the social media platform TikTok, unless U.S. operation of the platform was severed from Chinese control. *Id.* at *1. At the time of the decision, TikTok and its technology were controlled by its ultimate parent ByteDance Ltd., a privately held company that operates in China.

In affirming that the Act did not violate the First Amendment, the Court made it clear that:

> To the extent that ByteDance Ltd.'s asserted expressive activity occurs abroad, that activity is not protected by the First Amendment. *See Agency for Int'l Development v. Alliance for Open Society Int'l Inc.*, 591 U.S. 430, 436, 140 S.Ct. 2082, 207 L.Ed.2d 654 (2020) ("[F]oreign organizations operating abroad have no First Amendment rights.").

*Id.* at n.2 (emphasis added). The *TikTok* decision reaffirmed the controlling law that foreign nationals outside of the United States do not have rights under the United States Constitution, stemming from the First Amendment or otherwise. *See, e.g.*, *Agency for Int'l Dev.*, 591 U.S. at 433 (holding that foreign affiliates possessed no First Amendment rights; "It is long settled as a matter of American constitutional law that foreign citizens outside U. S. territory do not possess rights under the U. S. Constitution."); *Bluman v. Fed. Election Comm'n*, 800 F. Supp. 2d 281, 287 (D. D.C. 2011), *aff'd*, 565 U.S. 1104 (2012) (holding that a statute that prevented foreign nationals who lived in the US from making political contributions did not violate the First Amendment; "foreign citizens do not have a constitutional right to participate in, and thus may be excluded from, activities of democratic self-government. It follows, therefore, that the United States has a compelling interest . . . in thereby preventing foreign influence over the U.S. political process."); *Minnesota Chamber of Com. v. Choi*, 707 F. Supp. 3d 846, 858 (D. Minn. 2023) ("foreign organizations operating abroad have no First Amendment rights").

To the extent the Court considers CAIR's belated constitutional argument as to the court-ordered disclosure of its foreign donors, there are no First Amendment considerations, as reiterated most recently by the U.S. Supreme Court in *TikTok*. Accordingly, Judge Schultz's discovery order should stand.

---

[1] As asserted in Ms. Saroya's Response to CAIR's Objections, CAIR waived this argument by failing to raise it in any way in either in its briefing or at oral argument before Judge Schultz. (*See* ECF No. 63 at pp. 2, 7-9.)

January 23, 2025
Page 3

                                Sincerely,

                                */s/ Jeffrey S. Robbins*

                                Jeffrey S. Robbins

cc:    Zachary Alter, Esq.
        Sarah McGrane, Esq.
        Joseph D. Lipchitz, Esq.
        Steven C. Kerbaugh, Esq.
        Kelsey M. Westrich, Esq.